# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANNY WILBER,

        Plaintiff,

v.

CITY OF MILWAUKEE, THOMAS CASPER, GREGORY SCHULER, RANDOLPH OLSON, LOUIS JOHNSON, TIMOTHY DUFFY, JOSEPH ERWIN, RUBEN BURGOS, MICHAEL CABALLERO, and KENT CORBETT,

        Defendants.

Case No. 23-CV-951-JPS

**ORDER**

On July 17, 2023, Plaintiff Danny Wilber ("Plaintiff") sued the City of Milwaukee, Thomas Casper ("Casper"), Gregory Schuler, Randolph Olson, Louis Johnson, Timothy Duffy, Joseph Erwin, Ruben Burgos, Michael Caballero ("Caballero"), and Kent Corbett (collectively, "Defendants"), alleging that he was "wrongly convicted of . . . murder" and "spent almost 18 years" in prison after Defendants "coerced and fabricated false inculpatory evidence and suppressed exculpatory evidence." ECF No. 1 at 1.

On August 15, 2023, Plaintiff filed an unopposed motion to appoint special administrators for deceased Defendants Casper and Caballero. ECF No. 21. Plaintiff represents that Caballero's estate—for which Caballero's wife, Lori Caballero, served as the personal representative—was opened in 2018 but closed in 2020. *Id.* at 2. Plaintiff also represents that he has been

unable to locate an estate for Casper, who died in 2022, but that Casper is survived by his wife, Rosie Casper. *Id.*

"The Federal Rules of Civil Procedure are silent about the proper procedure when an individual dies before a complaint is filed." *DeLeon-Reyes v. Guevara*, Nos. 18-cv-01028 and 18-cv-02312, 2019 U.S. Dist. LEXIS 40974, at *6 (N.D. Ill. Mar. 14, 2019). "With respect to cases under 42 U.S.C. § 1983, where federal law is 'deficient in the provisions necessary to furnish suitable remedies and punish offenses against law,' a federal court should look to the statutes of the state where it sits, *to the extent such statutes are not inconsistent with the Constitution or federal law.*'" *Id.* (quoting 42 U.S.C. § 1988(a)) (emphasis added).

The Wisconsin statute to which Plaintiff points, ECF No. 21 at 2, titled "Grounds for appointment of special administrator," provides that "[w]henever it appears . . . that a person has died and the court would have jurisdiction for the administration of the person's estate, the court may appoint a special administrator if it appears that . . . . [a] cause of action exists for or against the decedent . . . and that it is necessary that some act be performed before letters can be issued to a personal representative." Wis. Stat. § 867.07(6); *see also Winter v. Winter*, 970 N.W.2d 566, ¶ 16 (Wis. Ct. App. 2021) ("[Section] 867.07(6) provides that a court may appoint a special administrator if it appears that: (1) a person has died; (2) the court would have jurisdiction for the administration of the person's estate; (3) a cause of action exists for or against the decedent or the decedent's estate; and (4) some act must be performed before letters can be issued to a personal representative.").

Notwithstanding the lack of opposition to the motion, the Court finds that the parties' motion fails to demonstrate that the Court has the

authority to undertake the action that the parties request. The parties make no attempt to address that portion of Wis. Stat. § 867.07(6) that provides that a court's ability to appoint a special administrator to represent a deceased defendant is contingent on that court "hav[ing] jurisdiction for the administration of the person's estate,"[1] which this Court most certainly does not have.[2] Although the parties do not acknowledge it, "th[e] 'probate exception' strips federal courts of jurisdiction over both 'pure' and 'ancillary' probate matters . . . ." *Herbst v. Krause*, 153 F. App'x 382, 383 (7th Cir. 2005) (quoting *Storm v. Storm*, 328 F.3d 941, 943 (7th Cir. 2003)). Federal courts have "no jurisdiction to probate a will or administer an estate," *Storm*, 328 F.3d at 943 (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)), and so this Court would appear to lack the ability to appoint a special administrator pursuant to Wis. Stat. § 867.07(6).

The parties rely almost exclusively on the Illinois federal courts' apparent ability to appoint special administrators under Illinois state law, but the parties make no attempt to demonstrate that Illinois law tracks that of Wisconsin such that Wisconsin federal courts can do the same. *See* ECF No. 21 at 2 (citing *Stewart v. Special Adm'r of the Est. of Mesrobian*, 559 F. App'x 543, 548 (7th Cir. 2014) (evaluating ability to appoint special

---

[1] Not only do they not address this portion of the statute, but they also conveniently omit it entirely. ECF No. 21 at 2 ("[T]he court may appoint a special administrator if it appears that . . . [a] cause of action exists for or against the decedent or the decedent's estate[.]").

[2] The parties also fail to address Wis. Stat. § 867.11, which provides that "[t]he court shall determine whether notice of the hearing for the appointment of a special administrator need be given. If the court deems notice unnecessary or inexpedient or if the appointment should be made without delay, the court shall proceed to hear the matter without notice."

administrator under Illinois law) and *Anderson v. Romero*, 42 F.3d 1121, 1124–25 (7th Cir. 1994) (same)).[3]

The parties do not provide a single case in which a Wisconsin federal court appointed a special administrator under Wisconsin law. Nor has the Court found such a case. Moreover, many other courts have concluded that the appointment of a special administrator under state law falls beyond the power or authority of the federal courts. *See, e.g., Trujillo v. Bayer Healthcare Pharms., Inc.,* No. 3:09-md-02100-DRH-PMF; MDL No. 2100; Civ. Action No. 10-13237-DRH-PMF, 2010 U.S. Dist. LEXIS 117442, at *4 (S.D. Ill. Nov. 4, 2010) ("[A]ppointment of a personal representative for decedent is the province of the state court. Moreover, the appointment of a personal representative for decedent is a probate-type proceeding; such proceedings are typically outside the power of the federal courts.") (citing *Rice v. Rice Found.*, 610 F.2d 471, 474 (7th Cir. 1979)); *Hassanti v. Int'l Lease Fin. Corp.*, 51 F. Supp. 3d 887, 895–96 (C.D. Cal. 2014) (same) (collecting cases); *McGovern v. Braun,* No. CV-12-672-PHX-GMS, 2012 U.S. Dist. LEXIS 73180, at *7–8 (D. Ariz. May 25, 2012) ("The appointment of a special administrator can only be ordered by the state court.") (citing *State Farm Life Ins. Co. v. Cai*, No. 09-CV-00396-LHK, 2010 U.S. Dist. LEXIS 1213056, at *4 (N.D. Cal. Nov. 4, 2010)

---

[3]The Court hopes that the parties' failure to do so was a result of carelessness or lack of thoroughness rather than an attempt to hide from the Court a disadvantageous reality, since Illinois law does not, as Wis. Stat. § 867.07(6) importantly does, expressly condition the federal court's ability to appoint a special administrator on the court's "hav[ing] jurisdiction for the administration of the person's estate." Wis. Stat. § 867.07(6). *See* 735 Ill. Comp. Stat. § 5/13-209(b) ("[I]f no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person entitled to bring an action and after the notice of the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action.").

and *Wilson v. Sudstrand Corp.*, Nos. 99 C 6944 and 99 C 6946, 2002 U.S. Dist. LEXIS 1213, at *4 (N.D. Ill. Jan. 25, 2002)).[4]

In light of these concerns, and because the parties have not demonstrated that the Court has the jurisdiction to do what the parties move it to do, the Court will deny the motion without prejudice. The parties may renew their motion, but should they decide to do so, they must support it with more applicable authority (to the extent that any exists) and appropriately address the concerns the Court has raised herein.

Accordingly,

**IT IS ORDERED** that Plaintiff Danny Wilber's unopposed motion to appoint special administrators for deceased Defendants Thomas Casper and Michael Caballero, ECF No. 21, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 1st day of September, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[4] "Parties have an obligation to alert the court to relevant authority, regardless of whether it supports their positions." *Chuluunbat v. Experian Info Sols., Inc.*, 4 F.4th 562, 567 n. 4 (7th Cir. 2021) (citing *Jackson v. City of Peoria*, 825 F.3d 328, 331 (7th Cir. 2016) and *Mannheim Video, Inc. v. County of Cook*, 884 F.2d 1043, 1047 (7th Cir. 1989)). The parties failed to do so here. Moreover, they assert as a general matter that "[f]ederal district courts have the power to appoint special administrators consistent with the law of the state in which the action is filed," ECF No. 21 at 2, which, in light of the authority cited in the above-line text of this footnote, is an assertion of questionable validity. This, in conjunction with their omission of relevant statutory text, *see supra* notes 1 and 3, borders on sanctionable obfuscation.