IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| DANNY WILBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-951 |
| | ) | |
| CITY OF MILWAUKEE, at al., | ) | Hon. Judge J.P. Stadtmueller |
| | ) | |
| Defendants. | ) | |

**PARTIES' JOINT MOTION FOR ENTRY OF A CONFIDENTIALITY PROTECTIVE ORDER**

The parties, by their undersigned attorneys, hereby move the Court for entry of a confidentiality protective order. In support thereof, the parties state:

1. This case will involve discovery of a substantial amount of records from the City of Milwaukee, Wisconsin Department of Corrections, and Milwaukee County District Attorney's Office. Such documents often include sensitive material, including: information that may personally identify individuals including juveniles, confidential informants, family members of City of Milwaukee employees; financial information; health-care information; emergency contact information; and other personal information.

2. The parties request that the Court enter a confidentiality protective order so that they may avoid public disclosure of various forms of sensitive identifying and medical information that may be contained in records of the City of Milwaukee, Wisconsin Department of Corrections, Milwaukee County District Attorney's Office, as well as other materials that will be produced in discovery.

3. The Court can enter a protective order regarding the confidentiality of documents, upon a showing of good cause by the parties, and also that the order is narrowly tailored to

serving that cause. *See* Fed. R. Civ. P. 26(c); Civil Local Rule 26(e); *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994).

4. The Court can find that broad, blanket orders—such as the one the parties propose here—are narrowly tailored and permissible as long as the following two factors are satisfied: (1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and (2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents. *Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d 943, 945 (7th Cir. 1999)).

5. The parties' proposed confidentiality protective order is attached as Exhibit A. This proposed order contains the exact same language as the confidentiality protective order that was entered by this Court in *Freeman v. City of Milwaukee*, No. 13-cv-918 (E.D. Wis.) (Dkt. 36).

WHEREFORE, the parties respectfully request that the Court enter the confidentiality protective order attached as Exhibit A.

Dated: September 27, 2023

Respectfully submitted,

/s/ Ben H. Elson
Ben H. Elson, G. Flint Taylor,
Nora Snyder, Hakeem Muhammad
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070

/s/ Clint Muche
Jennifer Williams, Deputy City Attorney
jewill@milwaukee.gov
Clint Muche, Assistant City Attorney
cmuche@milwaukee.gov
Milwaukee City Attorney's Office
200 East Wells, Suite 800
Milwaukee, WI 53202
(414) 286-2645