# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANNY WILBER,

Plaintiff,

v.

CITY OF MILWAUKEE, THOMAS CASPER, GREGORY SCHULER, RANDOLPH OLSON, LOUIS JOHNSON, TIMOTHY DUFFY, JOSEPH ERWIN, RUBEN BURGOS, MICHAEL CABALLERO, and KENT CORBETT,

Defendants.

Case No. 23-CV-951-JPS

**PROTECTIVE ORDER**

On September 27, 2023, the parties filed a joint motion for the entry of a protective order, with a stipulated proposed order. ECF No. 27. The parties request that the Court enter such an order because they anticipate that discovery may require disclosure of "sensitive material, including: information that may personally identify individuals including juveniles, confidential informants, family members of City of Milwaukee employees; financial information; health-care information; emergency contact information; and other personal information." *Id.* at 1. Federal Rule of Civil Procedure Rule 26(c) allows for an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including "requiring that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); *see also* Civ. L.R. 26(e).

Protective orders are an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets . . . and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause and that the order is narrowly tailored to serve that cause. Fed. R. Civ. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (even when parties agree to the entry of a protective order, they still must demonstrate the existence of good cause). The Court can find that even broad, blanket orders are narrowly tailored and permissible when it finds that two factors are satisfied:

> (1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and
>
> (2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006).

The Court finds that the parties have requested the protective order in this action in good faith. The parties report that this case will entail the disclosure of sensitive information about the parties and third parties. ECF No. 27 at 1. Thus, the Court is satisfied that there exists a sufficient basis for the requested protective order.

Because the parties' proposed protective order adequately complies with the standards set forth above, the Court will enter an order based on the parties' submission. The Court makes one minor modification to the parties' protective order in Paragraph Two *infra*: to clarify the difference between a "restricted" document and a "sealed" document.

Accordingly,

**IT IS ORDERED** that the parties' joint motion for a protective order, ECF No. 27, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** pursuant to Fed. R. Civ. P. 26(c) and Civil L.R. 26(e):

1. The following documents are to be handled as confidential and subject to this Protective Order:

   a. personally-identifying information, including dates of birth, social security numbers, home addresses, and phone numbers;

   b. information which can in any way identify a juvenile;

   c. information which can in any way identify a confidential informant;

   d. financial information, including banking-related account numbers, the identification of any financial institution along with any individual who maintains an account with that institution; income tax information and mortgage-related information;

   e. health-care-related information, including information which is related to physical, psychological or general medical care or treatment;

   f. emergency-contact information provided by employees, persons arrested or in custody, complainants, or witnesses;

g. information which can in any way identify the spouse, child(ren), or other family members of a City of Milwaukee employee;

h. information related to divorce or child custody disputes; and

i. information which can in any way identify the victim of a sexual assault, attempted sexual assault, rape, attempted rape or domestic violence.

2. Designation of confidential information must be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL." Counsel for the parties must keep all documents designated as confidential that are received under this Rule secure within their exclusive possession and must place such documents in a secure area. Parties may seek to have a document either "restricted" or "sealed." Gen. L.R. 79(d)(1). Restricted documents can be accessed only by the Court and counsel for both parties, whereas only the Court can access sealed documents. *Id.* To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed "restricted" or "sealed" by the filing party with the Clerk of Court utilizing the procedures set forth in General L.R. 79(d).

3. Documents designated as confidential must not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph (4) for any purposes whatsoever other than for preparing for and conducting the litigation in which the documents were disclosed (including appeals).

4. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this rule to any other person or entity, except that disclosures may be made in the following circumstances:

a. Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence.

b. Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

c. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Before disclosure to any such court reporter or person engaged in making photocopies of documents, such reporter or person must agree to be bound by the terms of this Rule.

d. Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this rule requiring that the documents and information be held in confidence.

5. To the extent that any of the records referenced in paragraph 1 are filed with the Court, or are substantively incorporated in any papers to be filed with the court, the records and papers must be redacted only to

the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court in an envelope marked "SEALED." A reference to this rule may also be made on the envelope. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

6. A party or interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L.R. 37. The party prevailing on any such motion is entitled to recover as costs its actual attorney fees and costs attributable to the motion.

7. At the conclusion of the litigation, all material not received in evidence and treated as confidential under this Rule must be returned to the originating party, or if the parties so stipulated, the material may be destroyed.

8. After termination of this litigation, this Order shall continue to be binding upon the parties hereto, and upon all parties to whom confidential discovery material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties and such persons for the enforcement of the provisions hereof.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2023.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge