# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANNY WILBER,

    Plaintiff,

v.

CITY OF MILWAUKEE, ESTATE OF THOMAS CASPER, GREGORY SCHULER, RANDOLPH OLSON, LOUIS JOHNSON, TIMOTHY DUFFY, JOSEPH ERWIN, RUBEN BURGOS, ESTATE OF MICHAEL CABALLERO, and KENT CORBETT,

    Defendants.

Case No. 23-CV-951-JPS

**ORDER**

    Now before the Court are Defendants City of Milwaukee, Estate of Thomas Casper, Gregory Schuler, Randolph Olson, Louis Johnson, Timothy Duffy, Joseph Erwin, Ruben Burgos, Estate of Michael Caballero, and Kent Corbett's ("Defendants") motions to bar two witnesses from testifying at trial and to exclude one of those witnesses' affidavits from consideration on summary judgment, ECF No. 57, and for summary judgment, ECF No. 58. For the reasons discussed herein, the Court will deny those motions for failure to comply with the Court's protocols.

    On the morning of November 29, 2024, counsel for Plaintiff Danny Wilber ("Plaintiff"), knowing that Defendants intended to move for summary judgment in this matter and given the December 6, 2024 dispositive motion deadline, reached out to Defendants' counsel regarding complying with the Court's summary judgment protocols. ECF No. 52-1 at

2; ECF No. 39 (scheduling order). Counsel attached to that email a proposed joint statement of undisputed facts and a joint statement of disputed facts. *Id.*

On December 2, 2024, defense counsel responded, noting that primary counsel for Defendants was no longer on the case as of several weeks prior, that Defendants intended to again move for an extension of the dispositive motion deadline, and that Defendants intended to bring in outside counsel. ECF No. 52-2 at 2. Plaintiff responded that he would oppose any such motion to further extend the dispositive motion deadline. ECF No. 52-3 at 2.

On December 5, 2024, Defendants moved for an extension of the dispositive motion deadline. ECF No. 50. The Court denied the motion that same day, noting that "Defendants ha[d] not demonstrated good cause for their second motion for an extension of time" and that "[t]he record demonstrates a lack of diligence on Defendants' part in preparing to defend against this case." ECF No. 53 at 3. The Court reiterated that its protocols "are designed to ensure that its civil cases are 'fully concluded within 12-14 months from the date of filing,'" and it noted that "[t]hat goal has been undermined in large part by Defendants' lack of diligence." *Id.* at 3 (quoting ECF No. 17 at 1). And to ensure that there would be no further delays, the Court simultaneously set trial-related dates and deadlines in this matter. ECF No. 54 (setting a final pretrial conference for 1/28/2025 and jury trial for 2/3/2025).

The following day, December 6, 2024, outside counsel entered notices of appearance for Defendants. ECF Nos. 55, 56. Shortly before doing so, outside counsel emailed Plaintiff's counsel noting that it would be appearing for Defendant and that Defendants intended to move for

Page 2 of 6
Case 2:23-cv-00951-JPS    Filed 12/10/24    Page 2 of 6    Document 64

summary judgment, to exclude certain witnesses from testifying at trial, and to exclude one said witness's affidavit from consideration on summary judgment. ECF No. 63 at 2. Outside counsel requested that Plaintiff's counsel make himself available to meet and confer regarding those anticipated motions, as required by the Court's protocols, that same morning. *Id.* Approximately an hour later, outside counsel emailed again, noting that it had made edits to the proposed joint statements of disputed and undisputed facts that Plaintiff's counsel had preemptively emailed to Defendants the week prior. *Id.*

That afternoon, Plaintiff's counsel responded that he was not available to meet and confer that day and that it was "inappropriate for [outside counsel] to ask . . ., on the day of the dispositive motion deadline, after defense counsel ignored the previous request [that Plaintiff's counsel] made a week ago to meet and confer . . . to drop everything to meet [and confer] today." *Id.* at 5. "Moreover," Plaintiff's counsel noted, "based on the extensive edits you've proposed to our drafts of the joint undisputed and disputed statements of fact, and the proposed jury instructions you sent, there is clearly a tremendous amount of work that would need to be done to comply with Judge Stadtmueller's summary judgment procedures, and it cannot all be accomplished in one day." *Id*. at 6.

Notwithstanding the foregoing exchange, Defendants proceeded that afternoon and evening to file their motions. ECF Nos. 57 and 58. The former, to bar certain witnesses from testifying at trial and for a witness's affidavit to be excluded from consideration on summary judgment, accordingly, lacks the requisite certification of having met and conferred as required by the Court's protocols. ECF No. 17 at 10–11. The Court will deny it on that basis. To the extent that Defendants seek to renew that motion,

Page 3 of 6
Case 2:23-cv-00951-JPS  Filed 12/10/24  Page 3 of 6  Document 64

they may do so on or before **Wednesday, December 18, 2024**, to enable the Court to consider the issue in advance of other trial-related matters.[1] Alternatively, Defendants may similarly address the issue through a motion in limine as contemplated in the Court's scheduling order. ECF No. 54 at 1, 5.

The latter motion, seeking summary judgment, is also noncompliant with the Court's protocols. Those protocols require the joint submission of a single, agreed-upon statement of undisputed material facts, as well as a single statement of disputed facts. *Id.* at 9. By neglecting to make any edits to Plaintiff's proposed statements of facts until the day of the summary judgment deadline, Defendants inappropriately deprived Plaintiff of the opportunity to jointly and thoroughly collaborate on those statements of fact. Similarly, by neglecting to propose any jury instructions to Plaintiff until the day of the summary judgment deadline, Defendants deprived Plaintiff of the opportunity to collaborate on "an agreed-upon proposed set of jury instructions." *Id.*[2]

"When parties wait until the last minute to comply with a deadline, they are playing with fire." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). That is evident here. Further, the Court is entitled to require strict

---

[1]Defendants' time to move for summary judgment in compliance with the Court's protocols has passed and will not be extended. Accordingly, to the extent that Defendants seek to renew their motion to bar witnesses and to exclude, such motion should be constrained to the trial context.

[2]Even aside from its improper unilateral nature, Defendants' motion for summary judgment is at least partially improper in other respects. For example, one section, which asserts that "[t]he [*United States v.*] *Brady*[, 373 U.S. 83 (1963)] claim fails because there is no constitutional requirement that handwritten notes be turned over," is entirely unsupported by any citation to legal authority. ECF No. 59 at 10.

compliance with its summary judgment protocols. *See Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings." (citing *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817–18 (7th Cir. 2004))). Those protocols, and the rules in general, "are 'intended to force parties and their attorneys to be diligent in prosecuting their causes of action,'" or, similarly, in defending against them. *Spears*, 74 F.3d at 157 (quoting *Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir. 1998)). To disregard Defendants' noncompliance and dilatory conduct in this case would only serve to encourage such dilatory behavior and to communicate the false impression that the Court's protocols are merely suggestions.

There is little doubt that previously assigned counsel left the case in a state making it impossible for Defendants to move for summary judgment in compliance with the Court's protocols. The aftermath of such dereliction, however, will not be left to fall on either Plaintiff or the Court.

Accordingly,

**IT IS ORDERED** that Defendants City of Milwaukee, Estate of Thomas Casper, Gregory Schuler, Randolph Olson, Louis Johnson, Timothy Duffy, Joseph Erwin, Ruben Burgos, Estate of Michael Caballero, and Kent Corbett's motion to bar and exclude, ECF No. 57, be and the same is hereby **DENIED without prejudice**; to the extent that Defendants seek to renew that motion, they may do so on or before **Wednesday, December 18, 2024**. Alternatively, Defendants may address the issue through a motion

in limine as contemplated in the Court's scheduling order. ECF No. 54 at 1, 5; and

**IT IS FURTHER ORDERED** that Defendants City of Milwaukee, Estate of Thomas Casper, Gregory Schuler, Randolph Olson, Louis Johnson, Timothy Duffy, Joseph Erwin, Ruben Burgos, Estate of Michael Caballero, and Kent Corbett's motion for summary judgment, ECF No. 58, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of December, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge