UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANNY WILBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-cv-951 |
| ) | |
| CITY OF MILWAUKEE, et al., ) | Hon. Judge J.P. Stadtmueller |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO BAR EVIDENCE OF THIRD-PARTY WITNESSES' CRIMINAL HISTORIES**

**I.      Statement of the Issue Presented**

Plaintiff moves *in limine* to bar evidence of certain third-party witnesses' arrests and convictions unrelated to the events at issue in this case.

**II.     Recitation of the Relevant Facts**

Defendants oppose this motion and have confirmed that they intend to introduce evidence of the criminal histories of third-party witnesses Richard Torres, Jeranek Diaz, and Oscar Niles. Additionally, both Richard Torres and Jeranek Diaz are required to register as sex offenders.

**III.    Plaintiff's Arguments in Favor of the Motion**

    **A.     The Witnesses' Convictions and Sex Offender Registrations Should be Barred**

Rule 609(a)(1) permits the use of prior felony convictions as impeachment evidence, and Rule 609(a)(2) permits the use of prior misdemeanor convictions that involve "a dishonest act of false statement" as impeachment evidence. However, prior convictions are "presumptively inadmissible" if more than 10 years have passed since the conviction. *United States v. Jackson*, 546 F.3d 801, 819 (7th Cir. 2008) (citing Fed. R. Evid. 609(b)). If the conviction is older than 10

years, Rule 609(b) "requires the probative value of a prior conviction to *substantially* outweigh the prejudice caused by its admission into evidence." *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008) (emphasis added); *see also id.* ("[W]e have said that impeachment by a conviction falling outside the rule's ten-year time limit should be permitted only in rare and exceptional circumstances."). It is for Defendants to overcome the "presumptive inadmissibility" of old convictions under Rule 609(b). *Gregory v. Oliver*, No. 00 C 5984, 2003 WL 1860270, at *1 (N.D. Ill. Apr. 9, 2003).

Torres, Diaz and Niles each have felony convictions that are less than ten years old. Torres has a conviction for sex registry violation, a class H felony, *State of Wisconsin v. Richard Torres*, Case No. 2016CF5175. Diaz has a conviction for second degree sexual assault of a child, a class C felony, *State of Wisconsin v. Jeranek Diaz*, Case No. 2018CF1672. Niles has a conviction for manufacture/delivery or a controlled substance, a class D felony, and possession of a firearm by a felon, a class G felony, *State of Wisconsin v. Oscar Niles*, Case No. 2018CF1700. These convictions are admissible under Rule 609(1)(A) subject to Rule 403. Since the nature of these crimes are highly inflammatory, could create unfair prejudice and ultimately are not relevant to the issues of the case, if Defendants choose to introduce any of these prior felony convictions for purposes of impeachment, they should be limited to eliciting the fact that the witness was charged and convicted of a felony and they should not be permitted to elicit evidence of the specific crime that was charged.

Torres, Diaz and Niles each have felony convictions that are over ten years old. These convictions, and the fact that Diaz and Torres register as sex offenders, are presumptively inadmissible. Fed. R. Evid. 609(b). None of these old convictions have a probative value that meets the high bar Rule 609(b) demands for admissibility. As they must, Defendants cannot pinpoint

"specific facts," *United States v. Heath*, 447 F.3d 535, 539 (7th Cir. 2006), demonstrating "rare and exceptional circumstances" justifying admission of these witnesses' old convictions. *Rogers*, 542 at 201. Evidence of these witnesses' convictions should not be admitted under Rule 609(a)(1) because the danger of unfair prejudice substantially outweighs any probative value. The crimes are not probative of these witnesses' credibility and there is a substantial risk that, given the nature of the crimes, if the jury were to learn of these convictions, it could disregard these witnesses' testimony based on nothing more than the jury's distaste for their crimes of conviction. *See Coles*, 2005 WL 1785326, at *3 ("A jury that learned of plaintiff's armed robbery conviction well might view him as a 'bad person' not because he is a liar (since this armed robbery offense is not highly probative of credibility), but instead because he committed a dangerous offense that jurors might find threatening. This would expose plaintiff to the risk that a jury would reject his claim not because of doubts about his truthfulness, but because of conduct that has nothing to do with the events in question."). Therefore, evidence of these convictions and Diaz and Torres' sex offender registries should be barred under Rule 403.

Further, neither Torres, Diaz nor Niles have any convictions that Plaintiff is aware of that implicate an act of dishonesty or false statement. *See Coles v. City of Chicago*, No. 02 C 9246, 2005 WL 1785326, at *1 (N.D. Ill. July 22, 2005) ("Rule 609(a)(2) applies to crimes involving 'some element of misrepresentation or other indication of a propensity to lie and exclud[es] those crimes which, bad though they are, do not carry with them a tinge of falsification.'" (quoting *United States v. Amaechi,* 991 F.2d 374, 378 (7th Cir. 1993)); *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1557, 1567 (7th Cir. 1990) ("Acts involving fraud or deceit clearly raise such doubt, while certain acts, such as murder, assault, or battery normally do not."); *Fermazin v. Menard, Inc.*, No. 15-CV-7272, 2017 WL 1227937, at *5 (N.D. Ill. Mar. 31, 2017) (noting that plaintiff's previous

conviction for aggravated battery "has nothing to do with his credibility" and excluding any such evidence); *Jones v. Walters*, 2016 WL 1756908, at *3–4 (N.D. Ill. Apr. 29, 2016) (excluding a conviction for marijuana possession because it "does not involve dishonesty or falsity"); *Rutledge v. Cook Cnty.*, No. 06-CV-6214, 2008 WL 11516761, at *3 (N.D. Ill. Oct. 10, 2008) (finding that the plaintiff's convictions for unlawful possession of a weapon and possession of a stolen motor vehicle were not crimes of dishonesty or false statement and provided little probative value); *Brandon v. Village of Maywood*, 179 F. Supp. 2d 847, 854 (N.D. Ill. 2001) ("A conviction for comparatively minor drug offenses is less probative of truthfulness than one for perjury or fraud.").

### B.  The Witnesses' Arrests Should be Barred

Torres, Diaz and Niles each also have numerous arrests in their record. It is well-established in civil rights cases that prior arrests that do not result in convictions are inadmissible as improper character evidence under Rule 404(b) and as unduly prejudicial under Rule 403. Absent convictions, arrests are just non-proven prior bad acts. The law is uniform on this point, and it is no longer an open questions. *See, e.g.*, *Barber v. City of Chicago*, 725 F.3d 702, 709 (7th Cir. 2013) ("The well-established, general rule is that a witness's credibility may not be impeached by evidence of his or her prior arrests, accusations, or charges."); *Cruz v. Safford*, 579 F.3d 840, 845 (7th Cir. 2009) (finding district court did not abuse its discretion by excluding evidence of seven prior arrests since the probative value of such prior arrests was outweighed by the risk of prejudice); *Anderson v. Sternes*, 243 F.3d 1049, 1054 (7th Cir. 2001) ("The law is clear that a defendant's prior arrest record is inadmissible, and while the reference to Anderson's past arrest was only indirect, it was still improper."); *Mowrey v. City of Fort Wayne*, No. 1:12-CV-121, 2013 WL 6512664, at *2 (N.D. Ind. Dec. 12, 2013) ("Prior arrests that did not lead to a conviction are usually inadmissible under Rule 403's balancing test and Rule 404(b)'s bar against character

evidence."); *Gregory*, 2003 WL 1860270, at *1 ("Arrests that have not led to convictions are classic candidates for exclusion under [Rule] 404(b)"); *Moore v. City of Chicago*, No. 02 C 5130, 2008 WL 4549137, at *1 (N.D. Ill. Apr. 15, 2008) ("Generally, arrests are not admissible as evidence under the Rules of Evidence, for purposes of impeachment or as character evidence.").

Under this well-settled law, all of the third-party witnesses' arrests that did not lead to convictions should be barred from introduction at trial. The Court should bar any testimony or exhibits that relate to such arrests. The only exception is Richard Torres' arrest for violation of probation during the course of the Diaz homicide investigation, which is relevant to Plaintiff's claim that Torres was pressured and coerced into implicating Plaintiff by Defendants Olson and Johnson.

For the foregoing reasons, Plaintiff respectfully requests that the Court bar evidence of third-party witnesses' arrests and convictions unrelated to the events at issue in this case.

### IV. Defendants' Response in Opposition to the Motion

As a preliminary matter, Defendants do not plan to introduce evidence of these three individuals' arrest histories, their convictions that are not admissible under Rule 609, or the fact that Torres and Diaz are registered sex offenders. As Plaintiff has already conceded, Mr. Diaz, Mr. Torres and Mr. Niles, who are all expected to be called at trial by Plaintiff, have at least one if not more felony convictions that must be admitted under FRE 609(a)(1)(A), and which Defendants plan to introduce at trial. Furthermore, the parties have agreed upon a jury instruction regarding the consideration of these admissible convictions, which is Seventh Circuit Pattern Civil Jury Instruction No. 1.15 titled "Impeachment Of Witness – Convictions." Therefore, Defendants should be permitted to introduce evidence of these felony convictions for the jury's consideration of the credibility of these witnesses, in the manner discussed below.

### A. Jeranek Diaz Felony Convictions

Jeranek Diaz has: (1) a felony judgment from a plea of conviction on October 1, 2018 to second degree sexual assault of a child (<16 years of age) in *State of Wisconsin v. Jeranek Diaz*, Milwaukee County Case No. 2018CF001672; and (2) a felony judgment from a plea of conviction on October 1, 2018 to second degree sexual assault of a child (<16 years of age) in *State of Wisconsin v. Jeranek Diaz*, Milwaukee County Case No. 2017CF004741. In this trial, Defendants seek to introduce Diaz's felony convictions to attack his character for truthfulness. Those felony convictions fall squarely within the confines of Rule 609, as they both occurred within ten years and involve crimes that are punishable by imprisonment in excess of one year, and must be admitted subject to Rule 403.

The parties discussed and agree that the underlying nature of Diaz's two felony convictions for sexual assault of a child is inflammatory, and Defendants agree to not seek to introduce or ask Diaz about the nature of his admissible felonies. However, Defendants should be allowed under Rule 609 to introduce evidence of the felony convictions themselves, and the fact that Diaz was convicted in both cases as a result of a guilty plea – this is not so prejudicial as to outweigh the convictions' probative value. Having this information, without the nature of the underlying crimes, will allow the jury to make an informed decision as to the weight Diaz's testimony deserves and the veracity with which his version of events should be viewed.

### B. Richard Torres Felony Conviction

Richard Torres has a felony judgment from a plea of conviction on January 31, 2017 for failure to register as a sex offender in *State of Wisconsin v. Richard Torres*, Milwaukee County Case No. 2016CF005174. Defendants agree that the underlying nature of the conviction, which highlights that Mr. Torres is in fact a sex offender, is not something they would seek to introduce

at trial. Rather, like above, Defendants should be allowed under Rule 609 to introduce evidence of Mr. Torres's felony conviction and the fact that he pled guilty to the conviction – this is not so prejudicial as to outweigh the conviction's probative value. In this case, the defense is requesting to introduce Torres's felony conviction to attack his character for truthfulness. With these modifications, there is no danger that the evidence would confuse or arouse the emotions of the jury, especially when considering the fact that Torres pled guilty to the conviction proposed. Again, with this information the jury will be able to make an informed decision as to the weight Torres's testimony deserves and the veracity with which his version of events should be viewed.

### C. Oscar Niles Felony Convictions

Oscar Niles has felony convictions for a felony judgment from a plea of conviction on March 6, 2020, to four counts of Manufacture/Delivery Of Controlled Substance - Cocaine (>15-40 Gr), one count of Possession With Intent To Deliver Controlled Substance - Cocaine (>40 Grams), and one count of Possession Of A Firearm By a Felon in *State of Wisconsin v. Oscar Niles*, Milwaukee County Case No. 2018CF001700. Like the previous two witnesses discussed above, Defendants do not necessarily intend to introduce the nature of the multiple felony convictions contained in this 2020 felony case. Defendants wish to introduce the number of felony convictions themselves, the fact they were felonies, and the fact that Mr. Niles pled guilty to them, which is more probative of Mr. Niles's credibility than prejudicial under Rule 403.

Federal Rule of Evidence 609 rests "on the common-sense proposition that a person who has flouted society's most fundamental norms, as embodied in its felony statutes, is less likely than other members of society to be deterred from lying under oath in a trial by the solemnity of the oath, the (minuscule) danger of prosecution for perjury, or internalized ethical norms against lying." *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987). Defendants are similarly requesting

to introduce Mr. Niles's felony convictions to attack his character for truthfulness. Those felony convictions fall squarely within the confines of Rule 609, as they occurred within ten years and involve crimes that are punishable by imprisonment in excess of one year. Whether Mr. Niles opens the door to cross-examination on the underlying nature of his felony convictions is an issue that may arise at trial, and Defendants would ask the court to enter and continue a ruling on the underlying nature of Mr. Niles's convictions until the time of his testimony at trial.

Therefore, Defendants respectfully request that the Court deny Plaintiff's motion *in limine* to bar evidence of the above-described felony convictions for Plaintiff's witnesses Oscar Niles, Jeranek Diaz and Richard Torres as admissible under Rule 609 and allow Defendants to introduce this evidence at trial.

Respectfully submitted,

| | |
|---|---|
| **PLAINTIFF, DANNY WILBER** | **DEFTS. CITY OF MILWAUKEE AND INDIVIDUAL DEFENDANTS** |
| By: /s/ Ben H. Elson | By: /s/ Kathryn Doi (#6274825)* |
| One of His Attorneys | One of Their Attorneys |
| Ben H. Elson, G. Flint Taylor, Nora Snyder, Brad Thomson PEOPLE'S LAW OFFICE 1180 N. Milwaukee Ave. Chicago, IL 60642 (773) 235-0070 | Kathryn Doi, Brian Wilson Robert Crawford, Warren Fasone NATHAN & KAMIONSKI LLP 206 S. Jefferson St. Chicago, IL 60661 (312) 612-1086 |
| | *Admitted to practice in the U.S. Dist. Court, Eastern District of Wisconsin |