Drew D. Dalton
WE CARE LEGAL
920 N. Argonne Rd., Suite 115
Spokane Valley, WA  99212
Phone: (509) 224-2796
Email: drew@wcspokanelaw.com

Rebecca A. Rainey, ISB No. 7525
Email: becky@raraineylaw.com
Telephone: (208) 559-6434

Roger James Dodd, *pro hac vice*
Dodd & Kuendig
750 Kearns Blvd., Suite 280
Park City, UT 84068
Email: rdodd@doddlaw.com

*Attorneys for Plaintiff Robin Johnson*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBIN JOHNSON, an individual, and as Personal Representative of the Estate of Craig A. Johnson,<br><br>                    Plaintiffs,<br>      vs.<br><br>       BONNER COUNTY, a political subdivision of the State of Idaho, BONNER COUNTY SHERIFF'S OFFICE, a department of Bonner County, BONNER COUNTY UNDERSHERIFF ROR LAKEWOLD, in his individual and official capacity GARY MADDEN, in his individual and official capacity, SHAWN DEEM, in his individual and official capacity, MIKE GAGNON, in his individual and official capacity, TED SWANSTROM, in his individual and official capacity, and PHIL STELLA, in his individual and official capacity, and DOES 1-10.<br>                    Defendants. | Case No. 2:18-cv-00244 DCN<br><br><br>**DECLARATION OF REBECCA A. RAINEY IN OPPOSITION TO MOTION TO STRIKE SCOTT RODER** |

**DECLARATION OF REBECCA A. RAINEY IN OPPOSITION TO MOTION TO STRIKE SCOTT RODER**          -1

I, Rebecca A. Rainey, declare under penalty of perjury as follows:

1. I am an attorney duly licensed to practice law in the state of Idaho and before its State and Federal Courts. I am counsel for Robin Johnson. The information contained herein is based on my own personal knowledge.

2. Attached hereto as **Exhibit A** is a true and correct copy of an e-mail sent by Drew Dalton to defense counsel confirming that an impasse was reached because we could not agree on whether the videos were animations or simulations.

3. Attached hereto as **Exhibit B** is a true and correct copy of the expert witness disclosures for Scott Roder.

DATED this 24th day of March 2023.

/s/ Rebecca A. Rainey
Rebecca A. Rainey
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March, 2023, I sent a copy of the foregoing via the electronic mail to the following:

Kutak Rock LLP
Heather C. Yakely, ISB #6970
Heather.yakely@kutakrock.com

Christie Law Group, PLLC
Robert L., Christie, ISB # 9903
bob@christielawgroup.com

/s/ Rebecca A. Rainey
Rebecca A. Rainey

**DECLARATION OF REBECCA A. RAINEY IN OPPOSITION TO MOTION TO STRIKE SCOTT RODER**          -2

# EXHIBIT A

## Rebecca Rainey

**From:** drew@wcspokanelaw.com
**Sent:** Monday, February 6, 2023 1:52 PM
**To:** 'Heather Yakely'; Rebecca Rainey; 'Bob Christie'
**Cc:** 'Stefanie Palmer'; 'Jessie Smylie'
**Subject:** RE: Estate of Johnson

Heather and Bob,

Thank you for cordial discovery conference today.  It appears that, based on our opposing experts' positions, we could not agree as to whether our expert's animation, was in fact an animation or a simulation.  As there are different rules for disclosure that creates issues.  Based on the inability to agree we discussed remedies the defense would seek as we are not willing to disclose what we believe to be non-discoverable materials, that are immaterial to the defense.  As we did not agree the defense state that it would file a motion to strike our expert or maybe simply to strike the animation. No other remedies were proposed by the defense.  I was not clear on that issue.  Please confirm that my understanding is correct.

**we care legal**

Drew D. Dalton
920 N Argonne Rd, Ste 115
Spokane Valley, WA 99212
Work (509) 224-2796 Fax (509) 383-8972
drew@wcspokanelaw.com

This message (including any attachments) contains confidential information
intended for a specific individual and purpose, and is protected by law.
If you are not the intended recipient, you should delete this message. Any
disclosure, copying, or distribution of this message, or the taking of any
action based on it, is strictly prohibited.

# EXHIBIT B

Drew D. Dalton
FORD & DALTON, P.S.
320 S Sullivan Rd
Spokane Valley, WA  99037
Phone: (509) 924-2400
Email: drew@spokanelaw.com

Rebecca A. Rainey, ISB No. 7525
RAINEY LAW OFFICE
P.O. Box 7726
Boise, ID 83707
Email: becky@raraineylaw.com
Telephone: (208) 417-3010
Attorney for Plaintiff

*Attorneys for Plaintiff Robin Johnson*

IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBIN JOHNSON, an individual, and as Personal Representative of the Estate of Craig A. Johnson,<br><br>Plaintiffs,<br><br>vs.<br><br>BONNER COUNTY, a political subdivision of the State of Idaho, BONNER COUNTY SHERIFF'S OFFICE, a department of Bonner County, BONNER COUNTY UNDERSHERIFF ROR LAKEWOLD, in his individual and official capacity GARY MADDEN, in his individual and official capacity, SHAWN DEEM, in his individual and official capacity, MIKE GAGNON, in his individual and official capacity, TED SWANSTROM, in his individual and official capacity, and PHIL STELLA, in his individual and official capacity and DOES 1-10.<br><br>Defendants. | Civil Action No. 2:18-cv-244<br><br>**PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES**<br><br>ECF Case |

PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES - 1

FORD, DALTON & MORTENSEN, P.S.
320 S. Sullivan Road
Spokane Valley, Washington  99037
(509) 924-2400 / FAX: (509) 927-1301

COME NOW Plaintiffs, Robin Johnson by and through their counsel of record and pursuant to Federal Rule of Civil Procedure 26(a)(2(b)&(C), and hereby submit the following expert disclosure consistent with the case management report in this matter.

**A. Witnesses Who Must Provide a Written Report**

1.    **Curtis J. Cope, Consultant Police Expert**

Attached here to as Exhibits are his Expert Report, Prior testimony experience, Resume, and Fee Schedule.  Plaintiffs intend to elicit expert testimony consistent with this report, his previous declarations, and his review of the exhibits, testimony and disclosures in this case consistent with this disclosure.  See his report for the facts data and reports upon which he based his opinions

2.    **Scott G. Roder, Evidence Specialist**

Attached here to as Exhibits are his Expert Report, Prior testimony experience, Resume, and Fee Schedule.  Plaintiffs intend to elicit expert testimony consistent with this report, his previous declarations, and his review of the exhibits, testimony, and disclosures in this case consistent with this disclosure.  See his report for the facts data and reports upon which he based his opinions

B.    There are currently no witnesses who do not provide a written report.

Plaintiffs reserve the right to supplement this list of witnesses in response to any additional witnesses disclosed by Defendants after this date, or in response to any new theories brought up by existing experts of the Defendants after this date.

Plaintiffs may also call at trial any of the individuals listed in Defendants' Expert Witness Disclosure. Plaintiffs reserve the right to supplement and amend this disclosure as discovery

PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES - 2

**FORD, DALTON & MORTENSEN, P.S.**
320 S. Sullivan Road
Spokane Valley, Washington  99037
(509) 924-2400 / FAX: (509) 927-1301

continues. Plaintiffs further reserve the right to call expert rebuttal witnesses. Additionally, Plaintiffs reserve the right to supplement this disclosure, in the event the individuals identified herein become unavailable to testify at trial.

PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES - 3

**FORD, DALTON & MORTENSEN, P.S.**
320 S. Sullivan Road
Spokane Valley, Washington 99037
(509) 924-2400 / FAX: (509) 927-1301

Finally, by making this disclosure, Plaintiffs do not represent that they will call all of the disclosed witnesses or that any of the disclosed witnesses will be present at trial.

DATED this 21st day of July 2022.

FORD, DALTON & MORTENSEN P.S.
Attorney for Plaintiff


BY:    /s/Drew D. Dalton
        Drew Dalton ISB# 10078


**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July, 2022 I electronically served the foregoing with the Defendants attorneys pursuant to District local Rule 5.4 which requires service on the parties and not the courts and we become the custodian of the document pending request from the court:

1.  Heather Yakely        Heather.Yakely@KutakRock.com


I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.


/s/ Drew D. Dalton
DREW D. DALTON


PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES - 4

FORD, DALTON & MORTENSEN, P.S.
320 S. Sullivan Road
Spokane Valley, Washington 99037
(509) 924-2400 / FAX: (509) 927-1301



**CA Office:** 4100 W. Alameda Ave # 300 Burbank CA 91505
**OH Office:** 4197 West 212th street Cleveland OH 44126
1.216.502.0400, Website: www.evidence-room.net
 Email: roderevidence@mac.com

## Curriculum Vitae

**Company Profile**
Since its founding in 2001, Evidence Room LLC has become a leading supplier of forensic animations and demonstrative evidence exhibits worldwide. Specializing in crime and shooting scene reconstructions using 3D CGI modeling. Services also include (but are not limited to) medical and surgical animation/illustrations, demonstrative evidence creation, as well as trial support and strategy consultation. The Evidence Room has been a part of over 1,000+ jury trial consultations that involve homicides, officer involved shooting scenarios, pursuits, suicide investigations, MVA, explosions and human anatomy with surgical and disease demonstrations, including mechanism of injury and/or death.

-----------------------------------------------------------------------------------------------------------

**Scott G. Roder**
Executive Head, Evidence Specialist


Scott founded the Evidence Room, LLC in 2001. Since that time he has consulted on over 1,000 cases in the united states and internationally and has been qualified numerous times as as expert in the field of forensic evidence analysis, shooting and crime scene reconstruction and forensic animation. His work involves a variety of matters including;  officer involved shootings, edged weapons, suicide investigations, strangulations and hangings, medical and surgical reconstructions, motor vehicle accidents, workplace injuries, criminal matters involving the death penalty, police pursuits, personal injury litigation, and more.

**Crime scene reconstruction defined**
Forensic crime scene reconstruction relies on the forensic science specialization of interpreting and assembling evidence in context.  Relying on technical knowledge and a thorough understanding of forensic investigations, crime scene reconstruction is the

expertise of the contextual analysis of evidence. Crime scene reconstruction analyzes the available data through computer simulation, analogue reconstruction, technical tests and/or out-of-court experimentation to determine whether any factual scenario may be consistent or inconsistent with physical, forensic, and scientific evidence.

To perform crime reconstruction one need not be an expert in all forensic disciplines but must become an expert in only one: the interpretation of the evidence in context. The crime scene reconstructionist may not be the person who carries out laboratory analysis of evidence such as developing DNA profiles or performing firearms and tool mark analysis; however, the competent crime scene reconstructionist must understand the meaning of each various piece of evidence and how it fits within the overall context of the scene.

**Professional Associations**
-Member of the Police Policy Studies Council (PPSC)
-Member of the International Association of Forensic & Security Metrology (IAFSM)
-Member of the Association for Crime Scene Reconstruction (ACSR)
-Associate member of the International Association for Identification (IAI)
-Associate member of the International Homicide Investigators Association (IHIA)
-Georgetown University


**Publications, Speaking Engagements, Honors**
-Unsolved Mystries, Netflix 2022
-Newsy 'Morning Rush' Robb Elementary School Shooting interview. 5-27-2022
-Channel 8, fox news Investigation, The death of Carnell Sledge and Kate Brown, 2021/2022
-Georgetown University, Making and Exoneree program. Contributor 2020/2021/2022
-Austin Texas School of Law. Contributor to Senior Mock trial practice.
-Channel 7 Australia. Sunday Night Spotlight. On Air Science correspondent 2015 - 2022
-Investigation ID. Smiley Face Killers investigation. 2018
-Spangenberg, Shibley & Liber, Officer Involved Shooting CLE course for the annual conference.
-Kaplan University, Dr. Denise Wormer, use of animations for educational training, 2015.
-CBS News/48 Hours, Contributor, The Death of Ashley Fallis, "Death After Midnight".2015.
-CLE Classes, certified by the Ohio Supreme Court, 2013-current.
-Cyber crime investigation presenter, Irish Law Foundation, 2014.
-Speaker, 12th Annual Arnold Markle Symposium on officer involved shootings, sponsored by the Henry C. Lee Institute of Forensic Science, New Haven, CT, 2011.
-Contributor and illustrator, "Prevention of Officer Involved Deaths", printed 2010, written by Dr. Henry Lee, Dr. Cyril Wecht, Van Blaircom, and Melvin Tuckers.
-Michigan State University School of Law, acknowledgement during "Legal Art" exhibition, 2008.
-City of Akron Prosecutors Office, keynote speaker for the "In Service" on use of

animations and crime scene models, 2008.
-Summit County Bar Association, keynote speaker for the "In Service" on use of
 forensic animations, 2007.
-Cuyahoga County Bar Association, CLE presenter for the use of demonstrative
 evidence and animations, 2000-2003.

**Education and Training**
-Bevel, Gardner & Associates Inc., 2016: Bloodstain pattern analysis, certificate, test-out
 40 accredited hours.
 This course enhances basic skills and develops the novice to a core competency level
 required for independent analysis. Requirements for course completion include being
 able to effectively demonstrate the ability to use and apply the scientific method, to
 apply experimental design in support of bloodstain pattern analysis, to recognize and
 demonstrate how Luminol and LCV are used, to demonstrate the ability to evaluate
 complex bloodstain pattern scene, and to demonstrate the ability to present bloodstain
 pattern analysis conclusions in a logical written format.
-Spangenberg. Shibley & Liber, 2015: Annual CLE Conference, personal injury and
medical
 malpractice CLE courses. 40 accredited hours.
-PATC, 2014: Shooting scene training, officer involved events, Ohio State Highway
 Patrol. 40 accredited hours.
-PATC, 2014: "Best Practices" training, SWAT Team Events. 40 accredited hours.
-International Association for Identification (IAI), 2013: 98th Annual Training and
 Education Conference, "Navigating the Waves of Forensics" Seminar and Workshops,
 36 hours and quadrant blood mapping workshop, 4 accredited hours.
 This course is designed for the student who wants to know how to correctly recognize,
 document, and collect bloodstains and bloodstain patterns for later analysis.
-National Forensic Science Technology Center (NFSTC), 2013: Intermediate Crime
 Scene Investigation Course, 16 accredited hours.
 Expanded skills and knowledge for investigators. Specialized evidence recovery
techniques,  field testing procedures, specialized documentation, forensic light source
techniques, evidence  submission and analysis techniques, case studies, and a
scenario-based knowledge check is  covered in this course. Some of the intermediate
CSI skills featured include casting footwear  under water, lifting fingerprints from skin,
bloodstain/blood pattern analysis documentation, and  footwear and tire track
measurement photography.
-International Homicide Investigators Association (IHIA), 2012: "Modern Homicide
 Investigation Techniques", New Orleans, LA, 35 accredited hours.
 This course is designed for any detective, homicide investigator, crime scene
technician,  medical examiner, or first responder who is tasked with investigating
homicides or any other  acts of violent criminal activity.
-Arnold Markle Symposium, 2011: "Officer Involved Shooting Scenarios", 40 accredited
hours.
-University of New Haven School of Forensic Science, 2010: Field training, lectures,
 and coursework in shooting scene reconstruction, administered by Dr. Palmbach,
 Massey, and Dr. Lee, 40 accredited hours.

-<u>PATC, 2010</u>: Training in the identification of wound patterns, intentional injury, and mechanism of death. Forensic Pathology for Investigation, administered by Tracey Corey, 40 accredited hours.
This course goes over identifying the cause, mechanism, and manner of the death being investigated. Other subjects such as the proximate cause, time of death, blunt force trauma, motor vehicle deaths, thermal injuries, drug deaths, sudden natural deaths, firearm injuries, sharp force trauma, asphyxia, and deaths of children are also covered.
-<u>Penn-Foster College</u>: Crime Scene Investigation Basics Certificate, 80 accredited hours. Gained skills to process crime scenes, became familiar with software that analyzes crime scenes accurately and effectively. Learned about various types of evidence and how to collect and secure before lab evaluation.
-<u>Ohio Institute for Legal Studies, 2007</u>: Paralegal certification

**Evidence Room Staff**

**<u>Patrick Mooney</u>, Art Director, 3d Animation and Medical Illustrator  (Cleveland, Ohio)**

Patrick has been with the Evidence Room since his graduation from The Cleveland Institute of Art (in affiliation with Case Western Reserve University), where he received his degree in Biomedical Illustration in the field of medicine and healthcare in 2011. His responsibilities include the creation of medical, anatomical, surgical, and injury drawings and animations. Patrick has received extensive training in various art and science related courses that include gross and microscopic anatomy, physiology, forensic modeling and reconstruction, surgical illustration, as well as a broad range of other related courses.

**Penny Riley, 3d Animation (Manchester, UK)**

**<u>Philip McCloskey</u>**

Time Based Media in 2009. Art including creating 3D models, animating, and exhibit design based upon technical data. Specialty skills include precise animation, 3D architectural recreation, illustration, photography, trajectory analysis, and plotting. Philip's software experience includes 3D packages, graphic design, website creation, and video editing/compositing.

**<u>Madeline Jane Culbertson</u>, Logistics Coordinator  (Los Angeles)**

**Luke Evans, 3d Animation, (Manchester, UK)**

**Nolan Cavano. Assistant.**

**Recent Case history**

*Mondragon v. Miskalla Hayward Police, OIS Federal Civil, Deposition and testimony Bullet trajectory, Forensic animation and Evidence Specialist. San Jose, CA 2022*

*Johnson v BCO. OIS Civil, plaintiff. Recon and Forensic animations. Deposition 2021*

*Ohio v Jarvis. Ohio Criminal defense. Vehicular Homicide reconstruction. 2022*

*Crown v Rolfe. Ch. 7 OIS. Recon and forensic animation.*

*Harvard University Astronomy, Avi Loeb 2021. Reconstruction of interstellar Object in near earth. In conjunction with the Galileo Project,*

*Daniels v. Oakland, 2021. Officer involved shooting death investigation. Testimony and forensic reconstruction*

*Rowlett v. Chicago 2021 Officer involved shooting death investigation. Testimony and forensic reconstruction*

*2021. Australia Death investigation of Nadine Haag*

*2021 Australia. Officer involved shooting investigation re: Constable Rolfe.*

*Ohio v Magee, 2021. Criminal Murder defense. Reconstruction and report concerning shooting event.*

*Iowa v Crisp, 2018. Post conviction relief action. Testimony, reconstruction and report concerning shooting event.*

*Coucke vs Houston, 2021. Officer involved shooting death investigation. Testimony and forensic reconstruction*

*Ely vs Santa Barbara, 2021. Officer involved shooting death. Testimony and forensic reconstruction.*

*Goldson vs Brown County, Ohio 2021. Federal civil rights action regarding death of inmate by assisted suicide. SE District court Cincinnati Ohio*

*Tiedgen vs Cuyahoga County 2021. Post conviction relief action. Testimony, reconstruction and report concerning shooting event.*

*Georgia vs Presley 2019. Criminal prosecution Brunswick Ga. Officer involved shooting scene reconstruction with trial testimony and forensic animations.*

*Ohio v Tensing -* OIS criminal defense matter hired by law enforcement. Shooting scene reconstruction with forensic animations. Qualified as expert shooting and crime scene

reconstruction, video analyst and crime scene expert witness by Judge Ghitz during Daubert challenge Hearing on June 2, 2017. Testified as expert on June 10, 2017

*Fewell vs. Santa Barbara* - Police officer involved shooting scene reconstruction with forensic animation. Hired on behalf of plaintiff deceased.

*Ohio vs. McKernan* - Shooting scene reconstruction with forensic animations. Domestic Homocide providing testimony on behalf of the defendant.

*Idaho vs. Tapp* - Edged weapon scene reconstruction with forensic animation. Hired on Behalf of the innocents project of Idaho.

*Crawford v. Beavercreek* - Police officer involved shooting scene reconstruction and forensic animation. Hired on behalf of the plaintiff/ deceased.

*Mayer vs. SLED* - Police officer involved shooting scene reconstruction with forensic animation. Hired on behalf of plaintiff deceased.

*Cooper vs. Alpha* - Accident scene reconstruction with forensic animation. Hired on behalf of plaintiff injured party. involving demonstrating scalding and other burn injuries.

*State of Ohio v Tiedgen* - Shooting scene reconstruction with forensic animation involving post conviction release effort. 2017

*Ingram v Camden* - Accident scene reconstruction and forensic animation. Hired on behalf of law enforcement.

*Abraham vs. Dr. Smith* - Shooting scene reconstruction with forensic animation. Hired on behalf of plaintiff.


*Bracy v LAPD* - Police officer involved shooting scene reconstruction with live ammunition experimentation. Hired on behalf of plaintiff injured.

*Goldson vs. Cincinnati* - In custody death scene reconstruction with forensic animation. Hired on behalf of plaintiff deceased involving asphyxiation.

*Rebucas vs. San Bruno* - Police officer involved shooting scene reconstruction with forensic animation. Hired on behalf of plaintiff deceased.

*FBI officer involved shooting scene reconstruction with forensic animations involving the April 11th, 1986 Miami Florida Matix/ Platt shooting event.* Hired on behalf of the Miami Dade police department and the FBI Fallen Heroes Foundation.

*Doucet vs. LAPD* - Police officer involved shooting scene reconstruction with forensic animation. Hired on behalf of plaintiff deceased.

*Christian v Torrance* - Police officer involved shooting scene reconstruction with forensic animation. Hired on behalf of plaintiff deceased.

*Love v Cleveland* - Police officer involved shooting scene reconstruction with forensic animation.Hired on behalf of plaintiff injured.

*Mock v Santa Anna* - Police officer involved shooting scene reconstruction with forensic animation. Hired on behalf of law enforcement.

*Mattox v. Nevada HAND* - Shooting scene reconstruction with forensic animations. Premises liability litigation involving the shooting of one resident by other. Hired on behalf of the premises facility.

*Wright v. Albanese* - Shooting scene reconstruction and forensic animations. Hired on behalf of a resident claiming harassment by a neighbor.

*Thomas v. City of Columbus* - Police officer involved shooting reconstruction with forensic animations. Hired on behalf of the plaintiff deceased.

*State of NY v. Neulander* - Accident scene reconstruction with forensic animation. Hired on behalf of criminal defendant.

*Ficker v. Crasca* - Police officer involved shooting scene reconstruction and forensic animations. Hired on behalf of police officer.

*McKinley v. County of Muskegon* - In custody death scene reconstruction with forensic animation. Hired on behalf of the plaintiff deceased demonstrating positional restraint asphyxia.

*Ovalles v. Sony* - Fire scene reconstruction and forensic medical animations demonstrating causation and burn injury and treatment of victims. Hired on behalf of plaintiff.

*Phoenix v. Ofc. Dupra* - Officer involved shooting scene reconstruction with forensic animations. Hired on behalf of officer for administrative disciplinary hearing.

*Jackson v. Austin* - Officer involved shooting scene reconstruction with forensic animations. Hired on behalf of plaintiff deceased.

*Dolak v Los Angeles* - Police officer shooting scene reconstruction with forensic animations. Hired on behalf of plaintiff deceased.

*Anderson vs Cleveland* - Police officer involved death scene forensic animations. Hired on behalf of law enforcement involving positional asphyxia injuries.

*Hives v Oakland* - Police officer involved shooting scene reconstruction with forensic animations. Hired on behalf of plaintiff deceased.

*California v Sparks* - Shooting scene reconstruction with forensic animation. Hired on behalf of post conviction release effort.

*State of Ohio v Sam Williams* - Shooting scene reconstruction with forensic animation. Hired on behalf of criminal defendant.

*Rebello v Nassau* - Police officer involved shooting scene reconstruction with forensic animation. Hired on behalf of plaintiff deceased involving a hostage situation.

*West Virginia v. McCoid* - Accident scene reconstruction with forensic animation. Hired on behalf of criminal defendant.

*Smith v Cleveland* - Police officer involved shooting scene reconstruction with forensic animation. Hired on behalf of law enforcement.

*Rodriguez v. Phoenix* - Police officer involved shooting scene reconstruction with forensic animation. Hired on behalf of plaintiff deceased.

*United States of America v. George Rafidi* - Shooting scene reconstruction with forensic animation. Hired on behalf of the defendant in a criminal matter.

*Guerena v. Pima County* - Police officer involved shooting scene reconstruction with forensic animation. Hired on behalf of plaintiff deceased.

*Roginski v. The Shelly Company* - Motor vehicle accident death scene reconstruction and forensic animations. Hired on behalf of injured/ deceased involving a roadside worker struck by traffic in a construction zone.

*Moore v. City of Chicago* - Police officer involved shooting scene reconstruction with forensic animation. Hired on behalf of police officer.

*Tankleff v. New York* - Edged weapon crime scene reconstruction and forensic animation involving a post conviction release effort. Hired on behalf of the innocents project of New York. 2014

*Jones v. Sandusky County* - Police officer involved shooting scene reconstruction with forensic animation. Hired on behalf of plaintiff deceased.

*Berg v. City of Chicago - Police officer involved shooting scene reconstruction and forensic animations. Hired on behalf of defendant officer.*

*South Africa vs. Pistorius* - Shooting scene reconstruction with forensic animation. Hired on behalf of criminal defendant.

*Culosi v. Fairfax* - Police officer involved shooting scene reconstruction and forensic animation. Hired on behalf of plaintiff deceased.

*South Carolina v. Segal* - Shooting scene reconstruction with forensic animations. Hired on behalf of defendant.

*State of Ohio v. Ferrante* - Police officer involved shooting scene reconstruction with forensic animations. Hired on behalf of Cuyahoga county prosecutors office.

## Fee Schedule

All services are billed at the rate of $500.00 per hour for the following activities:
-Review of materials
-Model construction
-Rigging and animation
-Calculations and research
-Tests and experiments
Standard Retention Fee $15,000

All services are billed at the rate of $600.00 per hour for the following activities:
-Expert report writing
-Site location inspections
-Field studies
-Testimony (plus all expenses, if travel is required)





July 20, 2022

Scott G. Roder, Evidence Specialist

Evidence Room LLC

4197 W 212th St

Cleveland, OH 44126

216-502-0400

roderevidence@icloud.com

Evidence-room.net


Robin Johnson, Plaintiff, v. Bonner County Sheriff's Department, Defendants.
Case No. 2:18-cv-00244-DCN


**Review of Discoverable Materials:**

CR 30 b (6)  Bonner County Deposition.pdf

Defendants' Initial Disclosures

EXH 4564C3 HAWORTH.pdf

Haworth, Tana.pdf

ISP K17-0062 Detective Sean Prosser Investigation 001465-002423.pdf

Johnson Initial Disclosures

Johnson 001076-001101 Craig Johnson Autopsy Report.pdf

Johnson V BCSO.pages

Non-Shooter's Statements.docx

Shooter's Statements.docx

Stella.pdf

https://www.dropbox.com/sh/x0s6hfj68sajrkm/
AADCK7C2fRn8UWIwDwYavc9ka?dl=0

## Background

On September 24, 2017, at the request of Robin Johnson, Bonner County Sheriff's Office ("BCSO") conducted a health and welfare check on her husband, Craig Johnson, at the couple's isolated home located at 664 Private Dr, Coolin, ID. Defendant Deputy Gary Madden conducted the check and

during their midnight interaction, Madden and Craig Johnson brandished firearms at each other. Madden then advised Robin Johnson of the results of the health and welfare check. BCSO investigated Craig Johnson on September 25, 2017, and secured a warrant for his arrest on charges of felony assault. BSCO's Emergency Response Team ("ERT") served the arrest warrant on Craig Johnson. Consisting of eight members (including two snipers), an armored "Bearcat" vehicle, and a significant amount of weaponry and gear. The ERT team went to the Johnson cabin to serve the arrest warrant on the morning of September 26, 2017 at approximately 8:14 am.

During the execution of the warrant Mr. Johnson was shot twice by Sergeant Deem (Sniper) near the small trail on the south side of the cabin. "Shots fired" was reported to dispatch at approximately 8:50:52 a.m. Johnson was pronounced dead at 9:45 am.

**Incident Details**

**Incident Date:** 9/26/2017

**Incident Time:** Approx. 8:14 AM

**Incident Location:** 664 Private Dr., Coolin, ID 83821

**Dep. Swanstrom (Sniper/Non-shooting Ofc)**

**Sgt. Deem (Sniper/Shooting Ofc)**

Weapon: PWS Mark 2/AR-15 Platform .308

Shots Fired: 2

**Decedent: Craig Johnson**

### OIS Reconstruction

A CGI shooting reconstruction was created using Autodesk Maya, an industry leading 3D software application that enables the use of real world scale, texturing, and lighting for the use of 3D modeling and 3D animation. This software application has been used by Evidence Room team members for numerous years for the purpose of forensic reconstruction and animation. Extensive training and a high level of proficiency in various 2D and 3D media based applications enables us to break down complex scientific information and provide the viewer with an understanding and accurate visual representation of the scene.

The 3D environment was built to scale using google aerial imagery. Additionally, BCSO aerial crime scene photos of the incident location and evidentiary items marked by orange cones serve as the foundation for the CGI reconstruction. The exhibit labeled "Foundation" is the basis for our reconstruction and all 3D animations that follow. All 3D models and character rigs were built to scale and placed according to crime scene photos and aerial imagery taken during the investigation. Four orange safety cones placed by

Detective Stella after the shooting incident mark specific locations of the involved parties and evidentiary items and will be described from south to north. The location of Deputy Swanstrom is marked by an orange cone to the south (furthest from the rear of the residence). The location of Sergeant Deem is marked by an orange cone just northwest of of Dep. Swanstrom's location. Further north, Mr. Johnson's position of final rest is marked by an orange cone (nearest the fire pit). The relocation site of Mr. Johnson's handgun is marked by an orange cone furthest north (nearest the residence). ISP failed to mark the location or provide a rough estimate of the location of the fallen weapon relative to Mr. Johnsons body. Due to the absence of this information, our reconstruction analyzes two variants; a left side versus right side weapon location relative to Mr. Johnson's final resting position. Failure to document the weapon's initial location prior to being moved by officers is pertinent because such evidence would aid in reconstruction efforts for determining if Johnson was holding the weapon in his left or right hand at the time he was shot. Distances and measurements  described in Sgt. Deem and Dep. Swanstrom's testimonies are merely approximations. A combination of Google aerial imagery and scale as well as aerial photos provided by BCSO were relied on in order to accurately place evidentiary items. The use of Autodesk Maya's 3D distance tool was used to determine precise measurements  from the bottom rear staircase of the residence to each cone.

Autopsy photos were enhanced by red trajectory lines and labeled to show gunshot wound entry, exit, wound path, course and direction.

An autopsy visual was developed based on the contents of the Autopsy report utilizing Mr. Johnson's height for scale (6'1") and the documented measurements for each gunshot wound entry and exit. A red trajectory line represents wound path, course and direction.


**Johnson 001076-001101 Craig Johnson Autopsy Report.pdf.**

Johnson, Craig A.

DOB: 10/19/1966 - 51 yrs

Race: Male

Sex: White

Height: 73"/ 6' 1"

Weight: 197 lbs

**Perforating GSW to the Abdomen (with probable fragment perforations of left arm):**

*Johnson 001076-001101 Craig Johnson Autopsy Report.pdf. pgs. 11-12*

**Entrance:** Right upper quadrant of the abdomen, 46 1/4 inches above the sole of the right foot and 4 1/2 inches to the right of the anterior midline.

**Exit:** Left side of the body in the left mid axillary line, 9 1/2 inches below the crease of the left axilla. The wound if further located at 48 1/4 inches above the bottom of the left heel and 10 inches to the left of the anterior midline of the abdomen.

**Direction of Fire:** The bullet traveled right to left, slightly upward, and slightly front to back.

### Perforating GSW to the Back:

*Johnson 001076-001101 Craig Johnson Autopsy Report.pdf. pgs. 13-15*

**Entrance:** Located 5 inches below the plane of the top of the right shoulder and 9 3/4 inches to the right of the posterior midline of the back. The wound is further located at 59 1/4 inches above the bottom of the left heel

**Exit Wounds:** There are two closely spaced exit wounds on the left side of the back below the left scapula, located at the same vertical plane 56 inches above the bottom of the left heel and are centered 3 1/8 inch and 3 3/4 inches respectively, to the left of the posterior midline.

**Direction of Fire:** The bullet traveled right to left, downward, without front to back deviation.

### Animations & Exhibits

**Foundation:**

https://www.dropbox.com/s/c2seuzkr91984d6/Foundation.mov?dl=0

This exhibit serves as the foundation for the following CGI shooting reconstruction animations. The video identifies each involved parties location and gun relocation after the shooting incident occurred. A photogrammetry technique is used to transitioning from an aerial photo provided by ISP/BSCO to show the accuracy of the 3D CGI environment. Weapon to cone distance from both the left side and right side of Mr. Johnsons body was able to be determined through Autodesk Maya's 3D tools.

**Exh 1:**

https://www.dropbox.com/s/rxkds7h1415t5g4/Exh%201.mp4?dl=0

Exhibit 1 established the locations of everything depicted are based on the foundation exhibit explained above. The animation depicts Mr. Johnson exiting his cabin and walking towards the trail on the south side of the cabin, with his head looking back towards the armored Bearcat vehicle as described in the testimony of Dep. Swanstrom, Dep. Reynolds, and Det. Walker. Mr. Johnson

is carrying a black pistol in his left hand, holding it by the barrel, as described in the testimony of Dep. Swanstrom.

At approximately :09 seconds into the video labeled "Exhibit 1" a BEEP is used to depict an announcement made by Deputy Swanstrom that alerted Mr. Johnson to his presence.  It was determined to use a "BEEP" rather than words because none of the officers could recall with exact specificity what words were used. Any attempt to recreated the announcement would be mere speculation not appropriate for a reconstruction animation.

The green arrow that appears at approximately :10 seconds depicts Johnson's attention being diverted from looking at the Bearcat behind him to looking towards Deputy Swanstrom.

The red line labeled GSW to the Abdomen depicts the trajectory of the first shot fired by Sergeant Deem. To a reasonable degree of probability based on the science of forensic reconstruction, it is more likely than not that the position of Mr. Johnson's body at the moment he was struck by the first bullet fired by Sergeant Deem was more likely than not the body position depicted at :10 seconds in Exhibit 1. The position of Mr. Johnsons body is consistent with him just beginning to turn his attention from the Bearcat to Dep. Swanstrom's announcement. The bullet traveled right to left with a slight upward deviation of 2 inches. This is also consistent with the kneeling, upward shooting position of Sgt. Deem.

To a reasonable degree of probability based on the science of forensic reconstruction, the first shot fired is the shot that perforated Mr. Johnson's abdomen because it is consistent with Deputy Swanstrom's testimony that Mr. Johnson was looking back at the bearcat when Deputy Swanstrom made an announcement, which caused Mr. Johnson to begin to turn his attention towards Dep Swanstrom, triggering Sgt Deem to fire. The angle of the trajectory and direction of fire are consistent with this body position and the kneeling, upward shooting position of Sgt. Deem. The angle of the trajectory is inconsistent, had Mr. Johnson still been looking back at the Bearcat at the first time Sgt Deem fired. Furthermore, it reiterates Mr. Johnson was likely not posing a threat. The bullet traveled right to left with a slight upward deviation of 2 inches.

The red line labeled GSW to the Back depicts the trajectory of the second shot fired by Sergeant Deem.  To a reasonable degree of probability based on the science of forensic reconstruction, it is more likely than not that Mr. Johnson's body at the moment he was struck by the second bullet fired by Sergeant Deem was more likely than not the body position depicted at :24 seconds in Exhibit 1.

To a reasonable degree of probability based on the science of forensic reconstruction, the second shot fired is the shot that perforated Mr. Johnson's back because the angle of the trajectory is consistent with the testimony that Mr. Johnson fell on his back. In order to achieve this trajectory is likely that

after the first shot was fired Mr. Johnson began to fall downwards onto his back.  Furthermore, the angle of the trajectory and direction of fire are consistent with this body position and the kneeling, upward shooting position of Sgt. Deem. The bullet traveled right to left with a downward deviation of 3 1/2 inches.

Exhibit 1 depicts the event if Mr. Johnson was shot while still holding the pistol in his left hand by the barrel.

**Exh 1A:**

https://www.dropbox.com/s/g0xqaml0zddcf7j/Exh%201A.mp4?dl=0

Exhibit 1A depicts the same reconstruction depicted in Exhibit 1, but from an overhead or birds-eye view.

**Exh 2:**

https://www.dropbox.com/s/i0wplx0qraxq8md/Exh%202.mp4?dl=0

Exhibit 2 depicts the same reconstruction depicted in Exhibit 1, but depicts the event if Mr. Johnson had transferred the weapon from his left hand to his right hand before being shot by Sergeant Deem.

**Exh 2A:**

https://www.dropbox.com/s/49o2se55p58s82l/Exh%202A.mp4?dl=0

Exhibit 2A depicts the same reconstruction depicted in Exhibit 2, but from an overhead or birds-eye view.

**X-1:**

https://www.dropbox.com/s/au6vu3qwzwqtqr7/X-1.mp4?dl=0

Similar to Exhibit A, A1, 2, and A2. X-1 depicts Mr. Johnson exiting his residence and walking towards the trail on the south side of his property while looking over his shoulder towards the BearCat.  At approximately :09 seconds into the animation, the BEEP sounds, signaling that Deputy Swanstrom has said something that diverts Mr. Johnson's attention away from the BearCat and towards Deputy Swanstrom.

The animation labeled as Exhibit 2 then depicts Mr. Johnson squaring his body towards Deputy Swanstrom, transferring the weapon to his right hand and raising his right hand to point the weapon towards Deputy Swanstrom.  At approximately :10 seconds, a yellow line appears depicting the trajectory of

the first shot fired by Sergeant Deem and indicating where the first shot fired by Sergeant Deem would have entered and exited Mr. Johnson's body if Mr. Johnson had been directly facing Deputy Swanstrom at the time he was struck by Sergeant Swanstrom's first shot.

At :27 seconds into the animation a yellow line appears depicting the trajectory of the second shot fired by Sergeant Deem and indicating where the second shot fired by Sergeant Deem would have entered and exited Mr. Johnson's body if Mr. Johnson had been directly facing Deputy Swanstrom when shot by Sergeant Deem.

The red-lines that appears on Exhibit 2 denote the actual trajectory of the the bullets as they struck Mr. Johnson.  The comparison of the actual trajectory of the bullets as they struck Mr. Johnson, as compared to the probable trajectory of the bullets had Mr. Johnson's body position been as described by Deputy Swanstrom and/or Sergeant Deem establish, to a reasonable degree of probability based on the science of forensic reconstruction, that it is more likely than not that Mr. Johnson's body position and actions at the time he was shot by Sergeant Deem were NOT as described by either Sergeant Deem or Deputy Swanstrom.

Mr. Johnson's body position as it appears in Exhibit X-1 at approximately :37 seconds is consistent with the 30(b)(6) testimony of Detective Stella, wherein he testified that Mr. Johnson's feet were pointing directly towards the cone where Deputy Swanstrom was located.  While the science of forensic reconstruction would support the body position of Mr. Johnson as testified by Detective Stella if Mr. Johnson had been directly facing Deputy Swanstrom at the time he was shot, the physical evidence of the trajectory of the wounds from the bullets that struck Mr. Johnson are so inconsistent with such body position that, to a reasonable degree of probability based on the science of forensic reconstruction, it is more likely than not and, indeed, it is almost a near certainty that Mr. Johnson's body position at the time he was shot was not as described by Deputy Swanstrom or Sergeant Deem and that Mr. Johnson's body position after he was shot was not as described by Detective Stella in either his 30(b)(6) deposition (depicted in Exhibit 2) or as described by Detective Stella in his individual deposition (perpendicular to the medical wrappings).


**X-1A:**

https://www.dropbox.com/s/guatgcjr11k4pnp/X-1A.mp4?dl=0

Exhibit X-1A depicts the same information as Exhibit X-1 but from an overhead or birds-eye view.


**Autopsy Photo Enhancement:**

https://www.dropbox.com/s/8za24458aqtm1ey/
Autopsy%20Photo%20Enhancement.pdf?dl=0

Autopsy photos were enhanced using a red trajectory line and label entry and exit for each gunshot wound. These images serve to visualize bullet path and course and direction. Depicted are the perforating gunshot wound paths with corresponding entry and exit. The image labeled gunshot wound to the abdomen depicts entry and exit into the abdomen with probable fragment re-entry and exit into the left arm. A separate image labeled left arm re-entry depicts re-entry and exit into the left arm as a result of the gunshot wound to the abdomen. The image labeled perforating gunshot wound of the back depicts entry exit into the back.

**Autopsy Visualization:**

https://www.dropbox.com/s/l4smh9o5f55jj8c/Autopsy%20Visualization.mov?dl=0

The exhibit  Autopsy Visualization was created from the contents of the Autopsy Report and Autopsy photos. Mr. Johnson's documented height of 6' 1" was generated over to a 3D analog rig for accuracy in scale. This exhibit depicts bullet trajectories for each sustained gunshot wound. Beginning with the model in anatomic position each gunshot wound entry and exit was precisely placed by green cylindrical markers based on the distances from the Autopsy Report for each entry and exit. A red trajectory line courses through each corresponding entry and exit to show bullet path, course and direction. The autopsy report documents probable left arm fragment re-entry and exit after perforating the abdomen. Based on this information the 3D analog rig's left arm was positioned in order to achieve this bullet path. Labels and wound descriptions were implemented to identify gunshot wound entry and exit, bullet path, course and direction.

<u>Opinions</u>

1.      According to officer testimony, Mr. Johnson was holding his weapon, a Sig Sauer SP2022 semi-automatic pistol in his left hand by the muzzle while walking down the path to the south of his residence prior to being shot twice by BCSO Sergeant Deem. Failure to document the initial location of Johnson's weapon before officers relocated the weapon would provide substantiative evidence and aid in determination as to which hand Mr. Johnson was likely holding the weapon.

2.      The bullet trajectory is well defined and can be sequenced as gunshot 1; Perforating gunshot wound to the abdomen with re-entry into the left arm and  gunshot 2; Perforating gunshot wound to the back.

3.      Mr. Johnson reacted to BCSO Sniper, Deputy Swanstrom announcing his presence from his right blindside and made a movement.

4.      Craig Johnson would have had a different wound pattern if the claim that Mr. Johnson turned and then switched his gun to the right hand and then raised his arm and targeted Deputy Swanstrom was true.

5.      The process of evidence documentation, collection, and preservation performed by the BCSO agents was below a basic expected standard. There are inconsistencies regarding Mr. Johnson's body position; specifically position of final rest, lack of any attempt to document  or approximate the initial location of Mr. Johnson's weapon before it was relocated by officers, and a complete absence of documentation of blood evidence relative to Mr. Johnson's final resting position. Furthermore the absence and lack of documentation and evidence collection limits an outside experts ability to fully reconstruct all aspects of the shooting scene.

**<u>Conclusion</u>**

Based upon review of the provided materials, as well as my education, knowledge and training, the demonstrative exhibits and animations herein are true and accurate to a reasonable degree of medical and scientific certainty. The opinions set forth are subject to change should any additional information become available.

Respectfully submitted,

Scott G. Roder, Evidence Specialist