UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| DANNY WILBER, | ) | |
| Plaintiff, | ) | Case No. 23-cv-951 |
| v. | ) | Hon. Judge J.P. Stadtmueller |
| CITY OF MILWAUKEE, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN *LIMINE* NO. 1 TO ALLOW ADMISSION
OF EVIDENCE OF REASON FOR VACATING PLAINTIFF'S CONVICTION**

**I.     Statement of the Issue Presented**

Defendants move *in limine* to permit Defendants to present to the jury evidence regarding the reason that Plaintiff's conviction was vacated – namely, that he was ordered to be visibly shackled at his criminal trial during closing arguments in full view of the jury in violation of his Constitutional rights.

**II.     Recitation of the Relevant Facts**

On February 23, 2005, Plaintiff was convicted of first-degree murder and was subsequently sentenced to life in prison. In August 2020, Judge Griesbach granted Plaintiff's habeas corpus petition and vacated his conviction due to the criminal trial judge ordering Plaintiff to be visibly shackled during closing arguments. The State appealed, and in October 2021, the Seventh Circuit affirmed. The Milwaukee County District Attorney's Office chose not to retry the criminal case and the charges were dismissed in May, 2022.

**III.     Defendants' Arguments in Favor of the Motion**

By this motion, Defendants hope to plug a glaring hole that Plaintiff wishes to keep open – namely, that Plaintiff's conviction was vacated not due to any of the evidence presented at trial,

but due to an inherently prejudicial procedure imposed by the trial court that almost certainly affected the jury's determination to convict Plaintiff for the murder of David Diaz.

Plaintiff's petition for *habeas corpus* was granted, and his conviction vacated, after the Seventh Circuit upheld the finding that Plaintiff's visible shackling in front of the jury at his 2005 criminal trial violated his Constitutional rights to a fair trial. (The Milwaukee County District Attorney thereafter decided against a retrial for Plaintiff.) In granting Plaintiff a new trial, however, the Seventh Circuit ruled that the evidence presented at his criminal trial was sufficient to support his conviction for the murder of David Diaz beyond a reasonable doubt. *Wilber v. Hepp*, 16 F.4th 1232, 1248 (7th Cir. 2021) (finding "no fault with the Wisconsin appellate court's decision as to the sufficiency of the evidence"). It found "there was ample evidence that would have permitted a reasonable trier of fact to find Wilber guilty beyond a reasonable doubt notwithstanding the oddities of the physical evidence." *Id.* at 1249-51 ("But, as we have also discussed, the State's case was not entirely without answers to the questions posed by this [physical] evidence. . . . So the jury might reasonably have surmised that it was not physically impossible for Wilber to have shot Diaz.").

Plaintiff's position is that the jury should be informed of none of this reasoning. Instead, Plaintiff made it clear at the parties' meet and confer that he intends only to present to the jury the fact that his conviction was vacated and that the District Attorney's office dropped all charges; essentially, that Plaintiff was exonerated and released from prison after serving only 18 years of a life sentence. Plaintiff argues that any further explanation would just confuse the jury and devolve into a mini trial about what it means to apply standards of review about the sufficiency of evidence.

It is difficult to overstate how incredibly prejudicial it would be for Plaintiff to present this one-sided view of his release to the jury. If Plaintiff was granted his wish, the jury would know

only that: (1) the justice system, including a court and a prosecutor, released Plaintiff from prison in 2022, despite him being convicted by a jury of his peers for first-degree murder (a verdict which, incidentally, was affirmed twice by Wisconsin state appellate courts); and (2) Plaintiff is now suing the Milwaukee Police officers involved in the investigation for allegedly fabricating evidence, coercing witnesses and suppressing evidence in violation of his Constitutional rights. Without any explanation why Plaintiff's conviction was vacated, the jury will undoubtedly jump to the conclusion that Plaintiff was released and the D.A. decided not to re-prosecute him *because of Defendants' alleged misconduct*. This risk of that assumption is prejudicial to Defendants in the strongest possible terms and the Court must alleviate this prejudice by providing an answer to the jury's inevitable, and natural, question.

Telling the jury that Plaintiff was released because he was visibly shackled at his criminal trial is minimally prejudicial to Plaintiff, if it is prejudicial at all. Indeed, the visible shackling during closing arguments in full view of the jury was inherently unjustified because it was the technical *reason for his release*. It was unfairly prejudicial, and the jury will know that the criminal court's visible shackling of Plaintiff before the jury was wrongful, found to have violated his constitutional rights to a fair trial, and the sole reason his conviction was vacated. At this trial, Plaintiff will be in the courtroom before the jury, having been released from prison, undoubtedly unshackled and well-behaved; informing the jury that he was wronged by being shackled by a previous court may even engender sympathy from the current jury. Ultimately, whatever prejudice Plaintiff may suffer from the jury being fully informed about why his conviction was vacated, this prejudice is *far* outweighed by the prejudice Defendants will suffer if the jury is allowed to speculate as to why Plaintiff is no longer serving his sentence *while Plaintiff simultaneously argues to the jury that he was framed by these Defendants*. Fed. R. Evid. 403.

At the meet-and-confer, Plaintiff argued that the parties' attempts to explain the reasons why Plaintiff's conviction was vacated would be overly confusing to the jury. Yet, this underestimates the intelligence of the jury, whose members could be perfectly capable of discerning that a reasonable criminal court jury sitting in judgment of Plaintiff in February of 2005 could have found him guilty based on the evidence presented, but could also see how Plaintiff was prejudiced by his visible shackling. There need be no discussion of standards of review or how those standards are applied by appellate courts. With evidence and argument properly confined, a jury is fully capable of understanding that: (1) Plaintiff was released because his visible shackling created an unacceptable risk of prejudice such that he did not receive a fair trial under the Constitution; (2) the *totality* of the evidence presented at his criminal trial would have permitted – but not required – a reasonable jury to convict him of the charges; and (3) it is for them to decide whether the individual defendants before them are guilty of the misconduct alleged, which has not been previously decided.

At the very least, even if the Court is less inclined to allow testimony or discussion of the Seventh Circuit's reasoning about the sufficiency of the criminal trial evidence, the Court should inform the jury that Plaintiff was not released because a jury, court, or other decision-maker already determined that Defendants here fabricated or suppressed any evidence. Rather, the jury should be told that Plaintiff was released on the basis of a technicality having to do with an improper procedure utilized by the trial court during closing arguments of the criminal trial, and not on the basis of the evidence presented at the criminal trial.

## IV.    Plaintiff's Response in Opposition to the Motion

Plaintiff incorporates the arguments he made in his Motion in Limine to Bar Evidence Argument, or Reference to Shackling at the Criminal Trial and Plaintiff's Non-Testimonial

Statements During the Criminal Trial, which corresponds to this motion and pertains directly to these issues.

Any argument about Plaintiff being shackled at the criminal trial would be highly prejudicial to Plaintiff in this trial for all of the same reasons it prejudiced Plaintiff in the criminal trial as explained by Judge Griesbach in his habeas decision and in the Seventh Circuit's affirmance. Further, introducing the shackling issue will require the jury to be informed about the minutiae of Plaintiff's post-conviction proceedings (*i.e.*, what claims were raised, the standard of proof for those claims, what claims were accepted and rejected and why) thereby creating a trial-within-a-trial, which will distract and confuse the jury about the issues that they must decide in this case and unnecessarily lengthen the trial. For these same reasons, Defendants should not be permitted, as they request, to inform the jury of the district court and Seventh Circuit's Court's rejection of Plaintiff's post-conviction argument concerning the sufficiency of the evidence. The best way to resolve this issue is for the jury to simply be informed that Plaintiff's conviction was vacated and that the charges were subsequently dismissed, without informing the jury of the reason that the conviction was vacated. It is not true, as Defendants suggest, that the jury will infer that Plaintiff's conviction was vacated because he was found to be innocent. "Vacate" is a neutral term that does not imply innocence. Any risk of prejudice can be cured through appropriate jury instructions and argument.

Respectfully submitted,

| | |
|---|---|
| **PLAINTIFF,** <br> **DANNY WILBER** | **DEFTS. CITY OF MILWAUKEE AND** <br> **INDIVIDUAL DEFENDANTS** |
| By: /s/ Ben H. Elson | By: /s/ Kathryn Doi (#6274825)* |
| One of His Attorneys | One of Their Attorneys |

| | |
|---|---|
| Ben H. Elson, G. Flint Taylor, Nora Snyder, Brad Thomson<br>PEOPLE'S LAW OFFICE<br>1180 N. Milwaukee Ave.<br>Chicago, IL 60642<br>(773) 235-0070 | Kathryn Doi, Brian Wilson<br>Robert Crawford, Warren Fasone<br>NATHAN & KAMIONSKI LLP<br>206 S. Jefferson St.<br>Chicago, IL 60661<br>(312) 612-1086<br><br>*Admitted to practice in the U.S. Dist. Court, Eastern District of Wisconsin |

## Certificate of Service

I, Kathryn Doi, the undersigned attorney, hereby certify that I caused a copy of the foregoing document to be electronically filed with the Court's CM/ECF system which sent an electronic copy of the same to be sent to all counsel of record on the date stamped in the margin of this document.

/s/ Kathryn Doi