UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANNY WILBER, | ) |
| | ) |
| Plaintiff, | ) Case No. 23-cv-951 |
| | ) |
| v. | ) Hon. Judge J.P. Stadtmueller |
| | ) |
| CITY OF MILWAUKEE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MOTION *IN LIMINE* NO. 3
TO BAR TESTIMONY OF KATHERINE SPANO**

**I.     Statement of the Issue Presented**

Defendants move in *limine* to bar Plaintiff from calling Katherine Spano to testify or using her previous testimony as evidence at trial.

**II.    Recitation of the Relevant Facts**

Katherine Spano is a retired former Milwaukee Police Department detective that Plaintiff deposed in this case.

**III.   Defendants' Arguments in Favor of the Motion**

Spano had absolutely no involvement in Plaintiff's criminal investigation, and is not mentioned in Plaintiff's First Amended Complaint, let alone accused of misconduct having to do with this case. Plaintiff therefore appears to intend to offer Spano as a trial witness in support of his *Monell* claim. But any testimony she might offer is irrelevant to that claim, or any other.

Defendants have filed a motion to bifurcate Plaintiff's *Monell* claim against the City of Milwaukee ("City") concurrent with their motions *in limine*. In the event Plaintiff's *Monell* claim does not proceed to trial on February 3, 2025, whether through bifurcation or as a result of other pretrial motion rulings by the Court, Plaintiff may still attempt to introduce Spano as a witness at

1

trial. However, at Spano's deposition, Plaintiff almost exclusively asked her questions having to do with her role in investigating the criminal case against William Avery, and as a defendant in the civil case Avery brought after his criminal conviction was vacated (Spano was not found liable in that case). Plaintiff also asked Spano about her role in Larnell Washington's criminal investigation, another alleged case of wrongful prosecution. As Defendants argue in their motion in *limine* to bar evidence or argument about the *Avery* case, Spano can provide no relevant testimony that could support the *Monell* claim. Defendants hereby incorporate their arguments made in that motion *in limine* here. While two other detectives were found liable for their 1998 fabrication of Avery's confession, Spano was not. And the liability in that case, for both the individual and *Monell* claims, flowed entirely from that 1998 confession.

Anything Spano might say about the Avery case is irrelevant to establishing a relevant policy, practice, or custom in place at the time of Plaintiff's criminal investigation. *See Thomas v. City of Markham*, 2017 WL 4340182, *5 (N.D. Ill. Sept. 29, 2017). Further, the jury's finding in that case was vague as to the policy, practice, or custom that existed at the relevant time, and the final policymaker has changed since that time. *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010). Finally, any testimony about Spano's investigation of Larnell Washington is irrelevant because she only became involved with that case in 2010, nearly 5 years after Plaintiff was convicted for the murder of David Diaz. Any evidence about a policy, practice, or custom existing in 2010 is simply irrelevant to Plaintiff's case here about a possible policy, practice, or custom that allegedly existed in 2004.

Accordingly, Plaintiff cannot show that any testimony from Katherine Spano will be relevant or assist the jury in deciding liability on Plaintiff's claims. Fed. R. Evid. 401, 403. Her testimony should be barred.

## IV. Plaintiff's Response in Opposition to the Motion

Plaintiff incorporates the argument he made in response to Defendants' Motion *in Limine* to Bar Evidence or Argument Concerning *Avery v. City of Milwaukee*, which corresponds to this motion.

Plaintiff intends to call former Milwaukee police detective Katherine Spano as a witness at trial only in relation to his *Monell* claim. Plaintiff alleges that the City of Milwaukee had a widespread custom of fabricating evidence and/or concealing exculpatory and impeachment evidence which caused the violation of Plaintiff's right to a fair trial. Other instances in which MPD homicide detectives committed a similar pattern of police abuses are relevant to establishing that the custom was long-standing and widespread. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (to succeed on a *de facto* custom theory, "plaintiff must demonstrate that the practice is widespread and that the specific violations complained of were not isolated incidents"); *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009).

Spano's testimony is highly relevant because she was a MPD homicide detective before, during, and after the David Diaz homicide investigation, and she previously to this case, allegedly fabricated, both on her own and in conspiracy with other MPD homicide detectives, witness statements in the Maryetta Griffin homicide investigation (for which William Avery was wrongfully convicted) and, subsequently to this case, the Annette Love homicide investigation (for which Larnell Washington was wrongfully prosecuted), in the same manner that certain of the Defendants fabricated witness statements in the present case.

Accordingly, Defendants' motion *in limine* to bar her from testifying at trial should be denied.

Respectfully submitted,

| | |
|---|---|
| **PLAINTIFF,**<br>**DANNY WILBER** | **DEFTS. CITY OF MILWAUKEE AND**<br>**INDIVIDUAL DEFENDANTS** |
| By: /s/ Ben H. Elson | By: /s/ Kathryn Doi (#6274825)* |
| One of His Attorneys | One of Their Attorneys |
| Ben H. Elson, G. Flint Taylor,<br>Nora Snyder, Brad Thomson<br>PEOPLE'S LAW OFFICE<br>1180 N. Milwaukee Ave.<br>Chicago, IL 60642<br>(773) 235-0070 | Kathryn Doi, Brian Wilson<br>Robert Crawford, Warren Fasone<br>NATHAN & KAMIONSKI LLP<br>206 S. Jefferson St.<br>Chicago, IL 60661<br>(312) 612-1086<br><br>*Admitted to practice in the U.S. Dist.<br>Court, Eastern District of Wisconsin |

**Certificate of Service**

I, Kathryn Doi, the undersigned attorney, hereby certify that I caused a copy of the foregoing document to be electronically filed with the Court's CM/ECF system which sent an electronic copy of the same to be sent to all counsel of record on the date stamped in the margin of this document.

/s/ Kathryn Doi