UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANNY WILBER, | ) |
| | ) |
| Plaintiff, | ) Case No. 23-cv-951 |
| | ) |
| v. | ) Hon. Judge J.P. Stadtmueller |
| | ) |
| CITY OF MILWAUKEE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE
EVIDENCE OR ARGUMENT REGARDING VIOLATIONS OF
MILWAUKEE POLICE DEPARTMENT INTERNAL RULES AND REGULATIONS**

## I. Statement of the Issue Presented

Defendants move *in limine* to exclude evidence or argument regarding violation of Milwaukee Police Department internal rules and regulations.

## II. Defendants' Arguments in Favor of the Motion

Defendants have filed a motion to bifurcate Plaintiff's *Monell* claim against the City of Milwaukee ("City") concurrent with their motions *in limine*. In the event Plaintiff's *Monell* claim does not proceed to trial on February 3, 2025, whether through bifurcation or as a result of other pretrial motion rulings by the Court, Plaintiff may still attempt to introduce evidence at trial suggesting that members of the Milwaukee Police Department ("MPD"), including the individual defendants, violated the MPD's internal rules, regulations, orders, or procedures. Even if the alleged conduct were true, the violation of such rules, regulations, orders, or procedures does not, by itself, amount to a violation of Plaintiff's constitutional rights. As such, evidence that a MPD rule, regulation, order, or procedure was violated does not prove any element of Plaintiff's claims and is therefore irrelevant and inadmissible. Fed. R. Evid. 401; Fed. R. Evid. 402.

Alternatively, even assuming the evidence was somehow relevant, any minimal probative value would be far outweighed by its unfair prejudicial effects. Fed. R. Evid. 403. For instance, permitting evidence that any individual defendant or other MPD personnel involved in the David Diaz homicide investigation violated an internal MPD rule, regulation, order, or procedure will likely cause the jury to improperly conflate that rules violation as a constitutional violation. Whether any member of the MPD violated an internal MPD rule, regulation, order, or procedure is a distraction from what is actually at issue, and allowing this evidence will undoubtedly inflict unfair prejudice, waste time, and prolong the trial.

It is well-established that the violation of internal police rules, regulations, orders, policies, and procedures is immaterial to whether a constitutional violation occurred under §1983 and therefore evidence of these alleged violations is inadmissible. *See Thompson v. City of Chicago*, 472 F.3d 444, 454-55 (7th Cir. 2006) (holding that "the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established") (emphasis added); see also *Bruce v. City of Chicago*, 2011 WL 3471074, *2-3 (N.D. Ill. July 29, 2011) ("As to the constitutional violation, the Seventh Circuit categorically stated that 'the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established.'") (internal quotation marks and citation omitted).

In addition, such evidence has a high likelihood of confusing the issues and thereby unfairly prejudicing Defendants. *Brown v. City of Chicago*, 2023 WL 2640317, at *8 (N.D. Ill. 2023) (barring evidence concerning Chicago Police Department rules and regulations because "introducing departmental policies could increase the risk of prejudice and confusion, for the jury would be asked to consider the policies for the sake of assessing intent on Mr. Brown's state law

claims but not as evidence of a constitutional violation for his evidence-fabrication and coercion claims."). As such, this type of unfairly prejudicial evidence cannot be cured with a mere jury instruction. *Thompson*, 472 F.3d at 457 ("Any limiting instruction explaining to the jury that, although the General Orders do not create a duty on the part of an officer and can only be used as evidence of a breach of protocol in a disciplinary proceeding—and that they could not be considered in conjunction with the plaintiffs' §1983 claims—would have led to unnecessary and detrimental jury confusion."). Applying these principles, courts in this district have routinely barred evidence concerning a defendant officer's violation of a police department's internal rule, policy, or procedure. See, e.g., *Bahena v. Kennedy*, 2021 WL 8153974, at *9 (N.D. Ill. Oct. 25, 2021) (Granting motion "to bar evidence, testimony, or argument that any officer violated Chicago Police Department general orders, special orders, rules and regulations" where "Defendants correctly argue that violations under local laws and regulations have no bearing on constitutional claims brought under 42 U.S.C. § 1983."); *Ayoubi v. Smith,* 2018 WL 11222660, at *3 (N.D. Ill. May 2, 2018) ("The Court agrees with Defendants that a violation of internal Cook County Sheriff's procedures or other municipal law is not relevant to determining whether Defendants violated the U.S. Constitution, and such evidence is likely to unduly prejudice Defendants by leading the jury to infer otherwise."); *Gomez v. City of Chicago*, 2015 WL 13651138, at *10 (N.D. Ill. June 29, 2015) (explaining that CPD "general policies and procedures are generally inadmissible . . . because they tend to cause the jury to conflate violations of the policies with violations of the Constitution."). This Court should apply these principles, and bar all evidence concerning violations of the CPD's internal rules, regulations, orders, or procedures.

Plaintiff will likely argue that *Thompson* does not establish a *per se* rule against the admission of policies and that such violations could theoretically be used as evidence of something

3

other than a constitutional violation. Such an argument was recently addressed in *Brown v. City of Chicago*, where the court barred introduction of CPD policies under Rule 403. 2023 WL 2640317, at *8 ("[I]ntroducing departmental policies could increase the risk of prejudice and confusion, for the jury would be asked to consider the policies for assessing intent on Mr. Brown's state law claims but not as evidence of a constitutional violation for his evidence-fabrication and coercion claims."). Accordingly, this Court should apply the same analysis as was applied in *Brown*, and bar evidence concerning violations of MPD rules, regulations, orders, policies, and procedures.

**III.     Plaintiff's Response in Opposition to the Motion**

Defendants acknowledge that evidence regarding MPD's internal rules and regulations is relevant to Plaintiff's *Monell* claim against Defendant City of Milwaukee, so in the absence of bifurcation concede that this motion should be denied.

Plaintiff has no intention of arguing that violation of a policy on its own equates to a constitutional violation, however, *Thompson* does not hold that violation of a policies is never admissible. *See U.S. v. Brown*, 871 F. 3d 532 (7th Cir. 2017) ("Despite its strong language, *Thompson* should not be understood as establishing a rule that evidence of police policy or procedure will *never* be relevant to the objective-reasonableness inquiry."). "*Thompson* does not necessarily bar evidence of a local-government policy violation if the violation is relevant to some *factual* point and not offered as a stand-in for a federal constitutional violation." *Gray v. City of Chi.*, No. 1:18-CV-02624, 2023 U.S. Dist. LEXIS 195080, at *38 (N.D. Ill. May 8, 2023) (emphasis in original). Here, evidence of MPD's internal rules, regulations and procedures is relevant to Plaintiff's claims against the individual Defendants as it related to a factual point— because each of the Defendant detectives testified that their personal practice and the general procedure within MPD was for detectives to take notes in some form during witness and suspect

interviews in homicide investigations, that they would subsequently destroy their notes of those interviews, and that this would have been their practice and procedure in the Diaz homicide investigation, which included their notes of the key interviews of Richard Torres, Jeranek Diaz, Antonia West and Oscar Niles. This evidence is highly relevant to Plaintiff's fabrication claims against the individual Defendants and Plaintiff's police practices expert, Thomas Tiderington, has offered opinions about how the individual Defendants' destruction of their interview notes deviated from reasonable police practices. Any potential jury confusion that may be caused by the reference to internal MPD procedures and policies regarding note taking and preservation, which is minimal or nonexistent, can be cured with a jury instruction if necessary.

   Accordingly, Plaintiff requests that Defendants' overly broad and contingent motion to bar be denied.

Respectfully submitted,

| | |
|---|---|
| **PLAINTIFF,** <br> **DANNY WILBER** | **DEFTS. CITY OF MILWAUKEE AND INDIVIDUAL DEFENDANTS** |
| By: /s/ Ben H. Elson | By: /s/ Kathryn Doi (#6274825)* |
| One of His Attorneys | One of Their Attorneys |
| Ben H. Elson, G. Flint Taylor, <br> Nora Snyder, Brad Thomson <br> PEOPLE'S LAW OFFICE <br> 1180 N. Milwaukee Ave. <br> Chicago, IL 60642 <br> (773) 235-0070 | Kathryn Doi, Brian Wilson <br> Robert Crawford, Warren Fasone <br> NATHAN & KAMIONSKI LLP <br> 206 S. Jefferson St. <br> Chicago, IL 60661 <br> (312) 612-1086 |
| | *Admitted to practice in the U.S. Dist. Court, Eastern District of Wisconsin |

**Certificate of Service**

I, Kathryn Doi, the undersigned attorney, hereby certify that I caused a copy of the foregoing document to be electronically filed with the Court's CM/ECF system which sent an electronic copy of the same to be sent to all counsel of record on the date stamped in the margin of this document.

/s/ Kathryn Doi