UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANNY WILBER, | ) |
| | ) |
| Plaintiff, | ) Case No. 23-cv-951 |
| | ) |
| v. | ) Hon. Judge J.P. Stadtmueller |
| | ) |
| CITY OF MILWAUKEE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANTS' MOTION IN *LIMINE* NO. 5
### TO EXCLUDE TESTIMONY OF WITNESS WILLIAM JESSUP

**I.  Statement of the Issue Presented**

Defendants move *in limine* to bar the testimony of William Jessup at trial, particularly with regard to any questioning about Milwaukee Police Department internal policies and procedures, as well as custom and practice.

**II.  Recitation of the Relevant Facts**

William Jessup was a MPD homicide lieutenant during the Diaz homicide investigation. Defendants designated him as a Rule 30(b)(6) witness. At Jessup's deposition, Plaintiff asked questions including, but not limited to, the standards and practices of the Milwaukee Police Department, the training that officers received in 2004, various topics related to best practices of detectives, the resources and technology available to the City and its police department, and Jessup's role and actions as a supervising lieutenant during the Diaz homicide investigation, including detective briefings, approval of numerous reports authored by the police defendants, and the decision to present murder charges to the district attorney. (See Exhibit 1 – Deposition of William Jessup at 18:5-23 (training questions), 177-8:2-23 (additional training questions), 179-180:20-5 (procedures and standard practices questions), 86-165 (Diaz homicide investigation)).

Jessup was additionally asked questions related to unrelated officer Katherine Hein Spano as it related to misconduct of Milwaukee Police Department detectives. (*Id*. at 179:1-6).

Defendants have filed a motion to bifurcate Plaintiff's *Monell* claim against the City of Milwaukee ("City") concurrent with their motions *in limine*. In the event Plaintiff's *Monell* claim does not proceed to trial on February 3, 2025, whether through bifurcation or as a result of other pretrial motion rulings by the Court, Defendants believe that Plaintiff will still attempt to call Jessup at trial.

## III. Defendants' Arguments in Favor of the Motion

The introduction of such generalized evidence, without a *Monell* claim in the trial, lacks probative value. Jessup's testimony is not only irrelevant, but more importantly, could result in substantial prejudice to Defendants under the facts and issues in this case; therefore, it must be excluded pursuant to Fed. R. Evid. 403. It could also result in substantial prejudice to the individual defendants under the facts and issues in this case, if the jury improperly decides that one or more of the defendants violated one of these described rules or policies in violation of Plaintiff's constitutional rights (again, in a trial without a *Monell* claim). Therefore, Mr. Jessup should be excluded as a witness at trial.

Furthermore, introduction of this testimony would confuse the jury and necessitate additional explanation of unrelated, collateral, and prejudicial issues, wasting the time and energy of the jury and this Court. Excluding this testimony is also consistent with Seventh Circuit Pattern Civil Jury Instruction 7.02, proposed by Defendants in this case at instruction number 27, requiring that "Plaintiff must prove by a preponderance of the evidence that each Defendant was personally involved in the conduct that Plaintiff complains about. You may not hold any Defendant liable for what other individuals did or did not do." Seventh Circuit Pattern Civil Jury Instruction 7.02

2

Case 2:23-cv-00951-JPS    Filed 01/17/25    Page 2 of 5    Document 117

(modified); Instruction Given, *Gonzalez, et al. v. City of Chicago, et al.*, 11-cv-05681, at 8 (N.D. Ill., J. Tharp) (modified); Instruction Given, *Harris v. City of Chicago*, 14-cv-4391, Dkt. No.443, at 21 (N.D. Ill., J. St. Eve) (modified). A majority of William Jessup's testimony is not specific to the facts and allegations of the David Diaz investigation and therefore provides no basis for admission to evidence. Defendants are entitled to a trial on the facts of the instant case, and the introduction of such evidence would prevent them from obtaining a fair trial on the merits. Defendants hereby requests that any argument or reference to any other claims, lawsuits, or incidents involving the testimony of William Jessup be barred.

## IV. Plaintiff's Response in Opposition to the Motion

Plaintiff intends to call William Jessup at trial because his testimony as the City's designated Rule 30(b)(6) witness concerning MPD's policies and practices related to homicide investigations is obviously directly relevant to Plaintiff's *Monell* claim. Plaintiff intends to call Jessup at trial even if his *Monell* claim were to be bifurcated because, in addition to being the City's designated Rule 30(b)(6) witness, Jessup was one of the supervising lieutenants during the Diaz homicide investigation and therefore he has direct knowledge of the investigation. *See* Ex. 1 at pp. 86-165. Indeed, Jessup's signature appears on numerous of the police reports authored by the defendant officers including several of the key pieces of evidence in the case – including Defendant Schuler's police report of his interview of Jeranek Diaz which Plaintiff claims was fabricated, and Defendant Casper's crime scene report. *Id.* at 110, 115, 124.

During trial, if Defendants believe that Plaintiff is attempting to elicit irrelevant testimony from Jessup during their questioning, they can make objections based on relevance. This is the appropriate remedy to address Defendants' hypothetical concerns regarding relevance, not barring him from testifying.

Respectfully submitted,

| | |
|---|---|
| **PLAINTIFF,** <br> **DANNY WILBER** | **DEFTS. CITY OF MILWAUKEE AND** <br> **INDIVIDUAL DEFENDANTS** |
| By: /s/ Ben H. Elson | By: /s/ Kathryn Doi (#6274825)* |
| One of His Attorneys | One of Their Attorneys |
| Ben H. Elson, G. Flint Taylor, <br> Nora Snyder, Brad Thomson <br> PEOPLE'S LAW OFFICE <br> 1180 N. Milwaukee Ave. <br> Chicago, IL 60642 <br> (773) 235-0070 | Kathryn Doi, Brian Wilson <br> Robert Crawford, Warren Fasone <br> NATHAN & KAMIONSKI LLP <br> 206 S. Jefferson St. <br> Chicago, IL 60661 <br> (312) 612-1086 <br><br> *Admitted to practice in the U.S. Dist. Court, Eastern District of Wisconsin |

## Certificate of Service

I, Kathryn Doi, the undersigned attorney, hereby certify that I caused a copy of the foregoing document to be electronically filed with the Court's CM/ECF system which sent an electronic copy of the same to be sent to all counsel of record on the date stamped in the margin of this document.

                                            /s/ Kathryn Doi