# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DANNY WILBER,

               Plaintiff,

v.

CITY OF MILWAUKEE, ESTATE OF
THOMAS CASPER, GREGORY
SCHULER, RANDOLPH OLSON,
LOUIS JOHNSON, TIMOTHY
DUFFY, JOSEPH ERWIN, RUBEN
BURGOS, ESTATE OF MICHAEL
CABALLERO, and KENT CORBETT,

               Defendants.

Case No. 23-CV-951-JPS

**ORDER**

## 1. INTRODUCTION

Plaintiff Danny Wilber ("Plaintiff") moves to strike Defendants City of Milwaukee, Estate of Thomas Casper, Gregory Schuler, Randolph Olson, Louis Johnson, Timothy Duffy, Joseph Erwin, Ruben Burgos, Estate of Michael Caballero, and Kent Corbett's "untimely supplemental rule 26(a) disclosures" and to "bar the . . . new witnesses disclosed therein from testifying at trial." ECF No. 78 at 1. As clarified in the parties' supplemental filing, Plaintiff's motion currently pertains to six witnesses—Donald Jennings ("Jennings"), Lea Franceschetti ("Franceschetti"), Jaimie Williams ("Williams"), Ismael Cruz ("Cruz"), James Griffin ("Griffin"), and William Kohl ("Kohl")—who "are not on Plaintiff's witness list and were not

disclosed by Defendants in their initial Rule 26(a)(1) disclosures." ECF No. 88 at 1.[1] For the reasons discussed herein, the Court will deny the motion.

**2.    BACKGROUND**

Plaintiff filed this case in July 2023. ECF No. 1. Plaintiff tendered his initial Rule 26(a) disclosures on August 23, 2023. ECF No. 81-1. Plaintiff's initial disclosures listed as potential witnesses, inter alia, Jennings, Franceschetti, Williams, Griffin, and Kohl, but did not list Cruz. *Id.* at 2–6; *see also* ECF No. 88 at 1.

Defendants tendered their initial Rule 26(a) disclosures on August 29, 2023. ECF No. 79-1. Defendants' initial disclosures disclosed only six witnesses beyond the named Defendants, none of whom are relevant to this Order. *Id.* at 1; *see also* ECF No. 79 at 1.

Approximately sixteen months after their initial disclosures, and roughly one month before trial, shortly before 5 PM on Friday, January 3, 2025, Defendants tendered a supplemental Rule 26(a) disclosure listing 36 additional potential witnesses, none of whom have been deposed. ECF No. 79-4 at 2; *see also* ECF No. 79 at 1–2. Roughly two weeks later, during their meet and confer process, Defendants provided Plaintiff with a preliminary witness list. ECF No. 88 at 1. As noted *supra* note 1, Defendants' preliminary

---

[1] Defendants' supplemental disclosures listed 36 potential witnesses who had previously not been disclosed. ECF No. 78 at 1. As reflected in the parties' recent supplemental filing, however, Defendants provided a preliminary trial witness list to Plaintiff listing only eight of those witnesses: Jennings, Franceschetti, Williams, Cruz, Griffin, and Kohl, as well as Richard Torres ("Torres") and Jeranek Diaz ("Diaz"). ECF No. 88 at 1. Diaz and Torres are also on Plaintiff's trial witness list, so Plaintiffs have not moved to bar their testimony. *Id.* Accordingly, this Order will pertain only to Jennings, Franceschetti, Williams, Cruz, Griffin, and Kohl. The motion to strike is moot with respect to the other individuals who are listed in Defendants' supplemental disclosures but not on either party's witness list for trial.

witness list contains just eight witness names, apart from the individual defendants, only six of whom are at issue here: Jennings, Franceschetti, Williams, Cruz, Griffin, and Kohl.

Plaintiff moves to strike Defendants' January 3, 2025 supplemental disclosures on the ground that the disclosures fail to comply with Rules 37(c)(1), 26(e)(1)(A), and 26(c). ECF No. 78 at 1–2. As noted *supra* note 1, the motion currently pertains only to Jennings, Franceschetti, Williams, Cruz, Griffin, and Kohl, none of whom have been deposed.

Defendants oppose the motion. ECF No. 80. They rely heavily on the fact that five of the six witnesses at issue—Jennings, Franceschetti, Williams, Griffin, and Kohl—were already identified in Plaintiff's own initial disclosures. *Id.* at 1; ECF No. 88 at 2. Because those individuals were disclosed in Plaintiff's own initial disclosures, Defendants argue that those individuals should not be stricken from Defendants' supplemental disclosures or barred as witnesses at trial because they were "made known to [Plaintiff] during the discovery process or in writing" in compliance with Rule 26(e). ECF No. 80 at 2 (citing Fed. R. Civ. P. 26(e)(1)(A)); *see also* ECF No. 88 at 2–3.

Moreover, Defendants argue, the names of these six individuals now identified in their supplemental disclosures and preliminary witness list have appeared at other points in the discovery "that Plaintiff has long had." ECF No. 80 at 2. Thus, their supplemental disclosures did not contain "new information" or "surprise" Plaintiff. *Id.* at 2–3 (quoting *Hagen v. BeneTek, Inc.*, 714 F. Supp. 3d 1075, 1091 n.8 (E.D. Wis. 2024) and citing *Brewer v. Town of Eagle*, No. 20-CV-1820-JPS, 2023 WL 2760532, at *1 (E.D. Wis. Apr. 3, 2023)). The lack of surprise, Defendants argue, is further demonstrated by the fact that Plaintiff has listed as proposed trial exhibits various documents

referencing and discussing these six individuals. ECF No. 88 at 2–3 ("Cruz's name appears in numerous police reports in the case, one of which is one of *Plaintiff's listed trial exhibits* . . . and [which] contains a lengthy interview of Cruz. Similarly, Plaintiff's proposed exhibit list contains police reports regarding Antonia West, who talks about . . . Franceschetti and Williams . . . and also Jennings . . . .").

Plaintiff argues that "had [he] known that Defendants might call those individuals at trial, [Plaintiff] would have been able to make strategic decisions about which ones to depose." ECF No. 78 at 2. But due to the eleventh-hour disclosure of those individuals in Defendants' supplemental disclosure, "Plaintiff's opportunity to . . . depose the[m] . . . has now been lost." *Id.*

3.    **LAW & ANALYSIS**

"[T]he discovery of potential witnesses in a timely fashion is an important principle of litigation." *Doe v. Smith*, 470 F.3d 331, 347 (7th Cir. 2006). Accordingly, Rule 26(a)(1)(A)(i) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." *See United States v. Z Inv. Props., LLC*, 921 F.3d 696, 698 (7th Cir. 2019) ("Rule 26(a)(1)(A) requires parties to disclose the names of every witness 'likely to have discoverable information.'" (quoting Rule 26(a)(1)(A))). These initial disclosures generally must be made "at or within 14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C).

Rule 26(a)(3)(A)(i) provides that, "[i]n addition to the disclosures required by Rule 26(a)(1) . . . , a party must provide to the other parties and

promptly file . . . information about the evidence that it may present at trial other than solely for impeachment," including "the name . . . of each witness" anticipated to testify at trial. "Unless the court orders otherwise, these disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B).

Rule 26(e) provides that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . . ." "The central aim of [these] rules is to minimize surprise at trial by requiring disclosure of witnesses in advance of trial." *Doe*, 470 F.3d at 347 (quoting *Tyson v. Trigg*, 50 F.3d 436, 445 (7th Cir. 1995)).

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation . . . was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)). "[T]he determination of whether a Rule 26[] violation is justified or harmless is entrusted to the broad discretion of the district court." *Id.* (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996) and citing *Salgado*, 150 F.3d at 739). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of

a failure to disclose." *Id.* (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

> However, [the Seventh Circuit] ha[s] indicated that the following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*Id.* (citing *Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir. 1995) and *Woodworker's Supply, Inc.*, 170 F.3d at 993).

The Seventh Circuit has held that where "the plaintiff[] knew of [the witness] and the fact that [the witness] possessed information relevant to th[e] case through . . . depositions," supplemental disclosure under Rule 26(e) is not required. *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 732–33 (7th Cir. 2004). In *Gutierrez*, the plaintiffs moved to strike affidavits that the defendants proffered in support of their summary judgment motion on the ground that the defendants had failed to supplement their Rule 26(a) disclosures to identify the author of the affidavits. *See id.* at 731–34. The district court denied the motion, and the Seventh Circuit concluded that the district court did not abuse its discretion in doing so. *Id.* "Although the defendants did have an obligation to seasonably supplement their Rule 26(a) disclosures . . . , such amendments are required only in certain circumstances, such as when the additional information 'has not otherwise been made known to the other parties during the discovery process . . . .'" *Id.* at 733 (quoting Fed. R. Civ. P. 26(e)(1) and (2) and citing *Caterpillar, Inc.*, 324 F.3d at 856). The Seventh Circuit concluded that the district court did not abuse its discretion in reasoning that the author of the affidavit was "otherwise . . . made known" to the plaintiffs in the deposition where the

plaintiffs' counsel asked about the individual, received her name and its spelling, her title, her place of employment, and her responsibilities. *Id.* at 732–33; *see also* Rule 26 Notes of Advisory Committee on Rules—1993 Amendment ("There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition . . . .").

The Court will similarly conclude that no Rule 26(a) or (e) violation has occurred here. Defendants were not obligated to supplement their initial disclosures to identify Cruz, Franceschetti, Williams, Jennings, Kohl, or Griffin because the existence of those individuals, and the fact that they would "likely . . . have discoverable information," was "otherwise . . . made known" to Plaintiff in the discovery process. Fed. R. Civ. P. 26(a)(1)(A)(i) and (e)(1)(A).

For one, Plaintiff identified Jennings, Franceschetti, Williams, Griffin, and Kohl in his own initial disclosures, demonstrating that he already knew that those individuals would "likely . . . have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). Second, the discovery in this case, including various depositions, demonstrate that those six individuals and their respective roles in the case were known by the parties from early on. *See, e.g.,* ECF No. 119-1 at 4, 63–64 (questioning in deposition of Defendant Randolph Olson about "Ismeal [sic] Cruz" and listing "Ismael Cruz Interview" as an exhibit); ECF No. 119-2 at 19 (questioning in deposition of Defendant Gregory Schuler ("Schuler") about Cruz); *id.* at 6, 31 (questioning in Schuler deposition about Franceschetti); *id.* at 31–32, 35–38 (questioning in Schuler deposition about Griffin); *id.* at 34–38 (questioning in Schuler deposition about Kohl); ECF No. 119-3 at 15

(questioning in Defendant Ruben Burgos deposition about Franceschetti); ECF No. 119-4 at 4, 19–21 (questioning in Defendant Kent Corbett deposition about Jennings and identifying "Corbett Jennings Handwritten Report," "Donald Jennings Diagram," and "Corbett Jennings Interview Dictated" as exhibits); ECF No. 59-6 at 23–24, 34 (testimony in deposition of Plaintiff Danny Wilber ("Wilber") about Jennings); ECF No. 59-9 (attachment of Jennings trial testimony in support of Defendants' motion for summary judgment); ECF No. 59-17 at 20 (questioning in deposition of Diaz about Kohl); ECF No. 59-23 at 6–8, 15 (testimony in deposition of Oscar Niles about Jennings); ECF No. 59-5 (attachment of Kohl trial testimony in support of Defendants' motion for summary judgment).[2] The likelihood of these six individuals having relevant information for Rule 26(a) purposes should have been apparent from the get-go; for example, Griffin was the prosecuting attorney in the underlying criminal proceedings, ECF No. 79-4 at 9, and Kohl was a private investigator hired by Plaintiff himself in the underlying criminal proceedings, ECF No. 59-5 at 2–3. Again, "[t]he central aim of [the federal civil disclosure] rules is to minimize surprise at trial," *Doe*, 470 F.3d at 347, and in light of all the foregoing, it does not appear that there should be much, if any, surprise with respect to these six individuals.

Because the discovery in this case, as well as Plaintiff's own initial disclosures for five of the six potential witnesses, demonstrates that these six individuals have been "otherwise . . . made known" to Plaintiff, the Court will conclude that Defendants were not obligated to supplement their initial disclosures to identify them. Fed. R. Civ. P. 26(e)(1)(A). The Court

---

[2]The deposition of Oscar Niles references a "Jamie" and "Leah," which the Court assumes refers to Williams and Franceschetti notwithstanding the different spellings of their first names. ECF No. 59-23 at 15.

Case 2:23-cv-00951-JPS    Filed 01/23/25    Page 8 of 9    Document 128

accordingly need not delve into Rule 37(c) and the issue of prejudice or justification. *See* Fed. R. Civ. P. 37(c) (providing for sanctions "*[i]f* a party fails to provide information or identify a witness as required by Rule 26(a) or (e)" (emphasis added)). Plaintiff's motion to strike and exclude is, therefore, denied.

Accordingly,

**IT IS ORDERED** that Plaintiff Danny Wilber's motion to strike and bar, ECF No. 78, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2025.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge